141 N.J. Super. 7 (1976)
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
OSCAR RODRIGUEZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 12, 1976.
Decided April 13, 1976.
*9 Before Judges FRITZ, SEIDMAN and MILMED.
*10 Mr. Joseph C. Woodcock, Jr., Bergen County Prosecutor, attorney for appellant (Ms. Sybil R. Moses. Assistant Prosecutor, on the brief).
Mr. Stanley C. Van Ness, Public Defender, attorney for respondent (Mr. Mark H. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).
PER CURIAM.
Defendant, tried with another, was convicted on trial by jury of possession of a firearm without a permit. N.J.S.A. 2A:151-41 (a). He moved
* * * for an Order granting Judgment of Acquittal pursuant to R. 3:18-2 or in the alternative, for an Order granting a New Trial pursuant to R. 3:20-1, for the following reasons:
1. The verdict is contrary to the weight of the evidence as produced by the State;
2. The verdict is not supported by substantial evidence sufficient to convict;
3. The evidence fails to support the allegations of the Indictment which alleges that Oscar Rodriguez did possess the 357 magnum revolver;

* * * * * * * *
Following oral argument of these motions, the trial judge found that defendant Rodriguez
* * * was neither the owner nor the operator of this motor vehicle. He was a passenger in the rear, that is, the back seat, and the firearm involved was concealed not in the top of the console but underneath the console where access was possible only from the front of the console shell. * * * [Q]uite candidly I cannot discern in the proofs presented any basis for an inference which could reasonably be drawn that the defendant, Rodriguez, had knowledge of the firearm thus concealed there, and to arrive at that conclusion, I feel would require leap frogging in one's thinking which is just another way of saying speculation.
Accordingly, he granted defendant's motion pursuant to R. 3:18-2 and entered judgment for defendant notwithstanding the jury verdict. The State appealed in accordance with R. 2:3-1(b) (3). See State v. Kleinwaks, 68 N.J. 328 *11 (1975). In passing we observe that had a new trial been granted pursuant to the motion under R. 3:20-1, the State would have had a right to seek leave to appeal. State v. Sims, 65 N.J. 359 (1974).
The State asserts, as grounds for its appeal:
Point I. A Motion for a Judgment of Acquittal N.O.V. Should Not Be Granted When a Jury Returns a Verdict of Guilty Unless There Has Been a Manifest Denial of Justice.
Point II. The Trial Judge Erred in Granting a Motion for a Judgment of Acquittal N.O.V. After the Jury Verdict of Guilty Since the Logical Inferences Which Could Be Drawn From Evidence Presented by the State Support the Jury Verdict.
First of all, we observe that the State, properly citing State v. Kluber, 130 N.J. Super. 336 (App. Div. 1974), certif. den. 67 N.J. 72 (1975), in its argument, seems not to understand that opinion. In both the argument headings and the text of its brief the State suggests that the judge erred because there was no showing of a manifest denial of justice. This is not the test on a R. 3:18-2 motion for a judgment of dismissal notwithstanding the verdict, but is rather the test on a R. 3:20-1 motion for new trial. State v. Sims, supra, 65 N.J. at 373-374; see Dolson v. Anastasia, 55 N.J. 2, 5-7 (1969), As we said in State v. Kluber, supra:
The standard to be applied by the trial judge in deciding a motion for an acquittal under R. 3:18-2 is the same as that which applies when a motion for acquittal is made at the close of the State's case or at the end of the entire case. The trial judge must decide whether the evidence is sufficient to warrant a conviction. More specifically, the trial judge must determine whether the evidence, viewed in its entirety, be it direct or circumstantial, and giving the State the benefit of all of its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, is sufficient to enable a jury to find that the State's charge has been established beyond a reasonable doubt. State v. Mayberry, 52 N.J. 413, 436-437 (1968), cert. den. 393 U.S. 1043, 89 S.Ct. 673, 21 L.Ed.2d 593 (1969); State v. Reyes, 50 N.J. 454, 458-459 (1967). * * * [130 N.J. Super. at 341-342]
*12 A weighing of the evidence, necessary in cases where the motion is one for a new trial under R. 3:20-1 (Sims, supra, 65 N.J. at 373-374; Dolson, supra, 55 N.J. at 6-7), is improper.
* * * On such a motion the trial judge is not concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the State. Cf. Dolson v. Anastasia, 55 N.J. 2, 5 (1969). [State v. Kluber, supra, 130 N.J. Super. at 342]
Notwithstanding, our review of the record persuades us that the trial judge went wide of the mark in his determination. It was his to ascertain, on the R. 3:18-2 motion which he decided, whether reasonable men could have arrived at a guilty verdict, considering both direct and circumstantial evidence and giving the State the benefit of all favorable inferences, including, most significantly, the benefit of N.J.S.A. 2A:151-7. Thus viewed, and with proper (but not necessarily dispositive) regard for the undisputed fact that both the gun and defendant were in the vehicle when the gun was found and that the gun was otherwise in the possession of no one occupant more than any other (contrast, e.g., State v. Lewis, 93 N.J. Super. 212 (App. Div. 1966), cert. den. 386 U.S. 986, 87 S.Ct. 1297, 18 L.Ed.2d 258 (1967)), the case presented a jury question. We are aware that the statute alone will not save the jury question "when on the facts no jury could reasonably convict." State v. Humphreys, 54 N.J. 406, 413 (1969). Assuredly such is not the case here.
This leaves the question raised by defendant's motion for a new trial under R. 3:20-1, undecided below, whether there was a manifest denial of justice under the law. Rather than remand for further consideration of the matter we elect to exercise our original jurisdiction under R. 2:10-5 toward the end that the matter may be completely determined. We are satisfied that a manifest denial of justice does not "clearly and convincingly" appear (R. 3:20-1; Sims and *13 Dolson, both supra). Beyond this, we are convinced that all the circumstances, including disparities and inconsistencies in the testimony and the improbability of substantial segments of defendants' testimony, fully justified the conclusion the jury reached.
We reverse and reinstate the jury verdict.