

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-1994

# Jones v. Holvey

Precedential or Non-Precedential:

Docket 94-5011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Jones v. Holvey" (1994). *1994 Decisions.* Paper 88.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/88

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-5011


KEITH JONES,
                              <u>Appellant</u>

v.

ROLAND HOLVEY, I.A.; WILLIAM H. FAUVER, COMMISSIONER;
EUGENE O'NEIL, CHIEF H.O.; VERNON JOHNSON, ASST. SUPT.;
GARY SHEPPARD, H.O.; LT. BENNETT


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 93-cv-04258)



Submitted Pursuant to Third Circuit LAR 34.1(a)
May 31, 1994

Before:  SLOVITER, <u>Chief</u> <u>Judge</u>
COWEN and LEWIS, <u>Circuit</u> <u>Judges</u>


(Filed July 21, 1994)



Keith Jones
Trenton, NJ 08625

        Appellant Pro Se

Deborah T. Poritz
  Attorney General of New Jersey
Mary C. Jacobson
  Assistant Attorney General - Of Counsel
James I. O'Hern
  Deputy Attorney General - On the Brief
Trenton, NJ 98625

    Attorney for Appellees


1

SLOVITER, Chief Judge.

Appellant Keith Jones, who is currently incarcerated at New Jersey State Prison in Trenton, filed this complaint in the United States District Court for the District of New Jersey under 42 U.S.C. § 1983 seeking a declaratory judgment and damages for violation of his constitutional rights. Jones named as defendants six employees of the New Jersey Department of Corrections. The gravamen of Jones's claim is that his right to due process was denied in connection with a prison disciplinary charge for which he was originally adjudged guilty and served time in detention before it was reversed.

I.

Facts and Procedural History

The disciplinary charge was based on the following facts: On August 20, 1991, Senior Corrections Officer Marren of the New Jersey State Prison in Trenton found a letter that stated that "Twin, Malik and myself is [sic] waiting on those things (fiber Joints (shank) . . ." App. at 40. Prison officials determined that "Twin" referred to appellant Jones. Based on this letter, Jones was charged with attempting to possess a weapon. On August 21, 1991, Jones was removed from the mainstream prison population and placed in what the district court referred to as the "hole" pending a hearing.

On August 28, 1991, defendant Gary Sheppard, a hearing officer, conducted an administrative hearing in which this letter and a confidential report constituted the evidence against Jones,

2

and at which Jones was found guilty of attempting to possess weapons. As a result of the administrative ruling, Jones was placed in detention for fifteen days, and it was recommended that he lose 180 days commutation credits and that he be subjected to 180 days of administrative segregation. Jones appealed this decision through administrative channels. On September 9, 1991, defendant Vernon Johnson, the Assistant Superintendent, upheld the decision of Hearing Officer Sheppard. Jones sought reconsideration of this decision, which was denied by Superintendent Howard Beyer on September 16, 1991.

Jones then appealed to the Superior Court of New Jersey, Appellate Division. In an opinion dated July 14, 1993, that court reversed the decision of the prison officials and vacated the sanctions imposed on Jones, finding that the decision was not based on substantial evidence. The Appellate Division court found the confidential report to lack probative value and characterized the evidence against Jones "as superficial at best." Jones v. Department of Corrections, No. A-3121-91T5 (N.J. Super. Ct. App. Div. July 14, 1993) (per curiam) at 2, reprinted in App. at 41.

Jones then filed this action in federal court. Defendants moved for summary judgment on two grounds. First they argued that Jones's complaint was barred by the statute of limitations, using as the filing date the official filing which followed the court's evaluation of Jones's in forma pauperis application, rather than the date on which the complaint was

3

received.  Second, the defendants interposed a res judicata defense.

The district court rejected defendants' argument that the suit was time barred, finding that the relevant date for statute of limitations purposes was the date of receipt of Jones's complaint.  However, the district court granted defendants' motion for summary judgment, agreeing that Jones's action was barred by application of the doctrine of res judicata and New Jersey's entire controversy doctrine.  The court reasoned that the judgment in the New Jersey state case was final, had been adjudicated on the merits, and involved the same parties and the same occurrence or transaction.  As a result, Jones was barred from raising any claims which he could have raised in the first action.  The court determined that Jones could have raised the section 1983 claim asserted here in the New Jersey state court proceeding, and thus found this action to be barred.

Jones filed a timely pro se appeal to this court.

II.

Discussion[1]

Federal courts must apply the doctrine of res judicata to civil actions brought under section 1983 and in this context "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City School

_____

[1]Defendants do not raise the statute of limitations issue on appeal, and thus we confine ourselves to the res judicata/entire controversy issue.

4

Dist. Bd. of Ed., 465 U.S. 75, 81 (1984).  The principles of res judicata are reinforced in New Jersey by the entire controversy doctrine which "requires that all issues of a single dispute between the parties must be completely determined in one action." Culver v. Insurance Co. of N. Am., 559 A.2d 400, 406 (N.J. 1989).

Under New Jersey law, res judicata or claim preclusion applies when (1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action.  See Watkins v. Resorts Int'l Hotel & Casino, Inc., 591 A.2d 592, 599 (N.J. 1991); Culver, 559 A.2d at 405-06.

It is evident that the first condition for application of res judicata has been met in that the Appellate Division decision was final, valid and on the merits.  In addition, it appears that the employees of the Department of Corrections, who are the defendants in this action, may be considered to be the same or in privity with the Department of Corrections, which was the defendant in the first action, and may claim the benefit of res judicata if it would apply to the Department itself.  See Rodziewicz v. Beyer, 809 F. Supp. 1164, 1167 (D.N.J. 1992) (employees of Department of Corrections held to be in identity with the Department for claim preclusion under New Jersey law). Moreover, the entire controversy doctrine is applicable not only to related claims but also to related parties.  See Cogdell v. Hospital Ctr. at Orange, 560 A.2d 1169, 1178 (N.J. 1989).

Nonetheless, we do not decide whether the second prong of res judicata has been met in this case, nor do we decide whether the third prong, which requires that the claim in the second action grow out of the same transaction or occurrence as the claim in the state court action, applies here. The New Jersey Supreme Court has directed courts to consider:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would support the first); and (4) whether the material facts alleged are the same.

Culver, 559 A.2d at 406 (citations omitted) (quoting United States v. Athlone Indus., 746 F.2d 977, 984 (3d Cir. 1984)). The district court applied the criteria set forth in Culver and concluded that Jones's federal action involved the same transaction or occurrence as at issue in the earlier New Jersey Superior Court action.

We believe that a persuasive argument can be made that neither the acts complained of nor the demand for relief in the two actions are the same. In the first action, Jones challenged the administrative determination of his guilt on the attempted possession of weapons charge; thus the acts at issue in that case were those of Jones. By contrast, in the federal action, Jones challenges the conduct of the Department of Corrections' officials in proceeding with the disciplinary hearing and sanctions "knowing they had no just cause." App. at 7. Although the district court was correct that whether plaintiff's right to

6

due process was violated will be implicated in both cases, there are differences, albeit subtle, between the two actions.  Because we believe another issue is dispositive, for our purposes we will assume that the district court did not err in finding the similarity requisite for application of res judicata.

Instead, we part with the district court in its determination that the New Jersey Superior Court Appellate Division would have heard Jones's section 1983 claim as part of its review over the prison disciplinary action, had Jones presented it at that time.

It is unquestioned that state courts have concurrent jurisdiction with federal courts to hear section 1983 claims. See Maine v. Thiboutot, 448 U.S. 1, 3 n.1 (1980).  However, under the entire controversy doctrine, a party will not be barred from raising claims that he could not have brought in the initial action.  As the New Jersey Supreme Court has stated, if
> the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be held precluded.

Watkins, 591 A.2d at 599 (quoting Restatement (Second) of Judgments § 25 cmt. e (1982)); see also Culver, 559 A.2d at 406. Thus, to invoke the principles of res judicata, the first court must not only have had jurisdiction to hear the claim now sought to be precluded, but there must also be some likelihood that it would have exercised that jurisdiction to hear that claim.

7

Under New Jersey Rules of Appellate Practice 2:2-3(2), the Appellate Division of the Superior Court has jurisdiction over appeals from administrative agencies. New Jersey Rule of Appellate Practice 2:10-5 provides that "[t]he appellate court may exercise such original jurisdiction as is necessary to the complete determination of any matter on review." This Rule was relied upon by the district court in its decision that New Jersey law would not have barred Jones from raising his section 1983 claim at the time he appealed the administrative action to the Appellate Division.

The New Jersey courts have suggested that under this Rule the appellate courts have jurisdiction to make factual findings that ordinarily would be remanded to the trial courts when this is necessary to the complete determination of disputes before them. See, e.g., State v. Jarbath, 555 A.2d 559, 567 (N.J. 1989) ("[W]hen an appellate court finds a clear abuse of discretion, it has the power to make new fact-findings. The power to review evidence and reach independent determinations of the facts encompasses the power to call for additional evidence to supplement the record") (citations omitted)); State v. Rodriguez, 357 A.2d 59 (N.J. Super. Ct. App. Div. 1976) (per curiam) (Appellate Division exercised original jurisdiction to determine whether there had been manifest denial of justice under the law, an issue not decided by the Superior Court, but necessary to completely determine the matter); State v. Odom, 273 A.2d 379 (N.J. Super. Ct. App. Div. 1971) (per curiam) (Appellate Division could make findings of fact justifying denial of post-

8

conviction relief where trial court had failed to do so rather than remand).

The leading case applying this Rule in the context of an appeal of an administrative decision is <u>Pascucci v. Vagott</u>, 362 A.2d 566 (N.J. 1976), where the Supreme Court of New Jersey construed Rules of Appellate Practice 2:2-3(2) and 2:10-5 together as permitting appellate courts in actions arising under administrative review to exercise original jurisdiction as to related matters necessary to the complete resolution of a matter properly before an appellate court. In that case, the Court determined that the Appellate Division, in reviewing a challenge to a regulation of the Department of Public Welfare which varied the amount of public assistance paid to employable versus unemployable persons, could exercise original jurisdiction to completely resolve the questions raised and decide the claim of one of the appellants who had argued that the local welfare director's discretionary authority exceeded that provided by statute, a claim that ordinarily would be brought in Juvenile and Domestic Relations Court. <u>See</u> <u>id.</u> at 572-73. The <u>Pascucci</u> court determined that because the Appellate Division had jurisdiction over the administrative proceedings, and because under Rule 2:10-5 it could "exercise such original jurisdiction as is necessary to the complete determination of any matter on review," the Appellate Division could also hear the challenge that would otherwise be heard in Juvenile and Domestic Relations Court. <u>See</u> <u>id.</u>

It does not follow from Pascucci that a New Jersey appellate court would exercise its power of original jurisdiction—-ordinarily reserved for situations in which judicial efficiency dictates that the appellate court not remand a case—-to resolve claims best heard by a trial court.  The majority of New Jersey cases applying Rule 2:10-5 represent instances in which appellate courts, despite the absence of trial court findings, had an adequate factual basis in the record to resolve questions that were essential to the determination of the issues before them.  See, e.g., In re S.H., 293 A.2d 181, 185 (N.J. 1972) (Supreme Court reviewed undisputed evidence of record only, finding that it established that juvenile had committed the act with which he was charged beyond a reasonable doubt); Bruder v. Teachers' Pension & Annuity Fund, 142 A.2d 225, 229 (N.J. 1958) (where dispute involved exclusively legal questions appellate court would invoke power of original jurisdiction based on undisputed evidence presented to judge who incorrectly dismissed case for lack of jurisdiction); African Council v. Hadge, 604 A.2d 604, 609 (N.J. Super Ct. App. Div. 1992) ("Given . . . the completeness of the record, the interest of justice dictates that we exercise original jurisdiction pursuant to R. 2:10-5 in fixing a counsel fee allowance."); Marion v. Manasquan, 555 A.2d 699, 704 (N.J. Super. Ct. App. Div. 1989) ("Although this specific question was not presented to the trial judge, we raise it now sua sponte since its resolution is necessary for a complete determination of the matter under review and the facts to resolve it are present in the record." (emphasis added));

10

<u>Young v. Savinon</u>, 492 A.2d 385 (N.J. Super. Ct. App. Div. 1985) (based on factual testimony and expert opinion presented at trial, Appellate Division found it unreasonable to enforce a particular provision in tenants' lease); <u>Ferrari v. Melleby</u>, 342 A.2d 537, 540 (N.J. Super. Ct. App. Div. 1975) ("We have carefully reviewed the record and are satisfied that appellant's charges are essentially true as outlined previously, and that in substance they are not denied by respondents."); <u>but</u> <u>cf.</u> <u>State v. Jarbath</u>, 555 A.2d 559, 568 (N.J. 1989) (affirming appellate court's decision to call for additional documentary evidence, including autopsy report, to supplement the record in limited context of criminal sentencing).

Although an appellate court reviewing administrative decisions may invoke Rule 2:10-5, the scope of appellate review of agency decisions is generally narrow. <u>See</u>, <u>e.g.</u>, <u>T.R. v. New Jersey Div. of Developmental Disabilities</u>, 592 A.2d 13, 16 (N.J. Super. Ct. App. Div. 1991) (appellate court must not substitute own judgment for that of agency).

Based on our review of New Jersey cases, we predict that a New Jersey appellate court faced with Jones's section 1983 claim at the time that it was evaluating his appeal of the administrative sanctions imposed on him would not exercise original jurisdiction under Rule 2:10-5.

Our prediction that the New Jersey Appellate Division court would not have exercised jurisdiction over Jones's section 1983 claim is based in part on the sparsity of his complaint. He states only that the named defendants denied him due process

11

rights by instigating administrative proceedings against him knowing that they lacked the requisite just cause. Analysis of this claim would have required evidence not of record at the time of the appeal of the administrative ruling. Because res judicata does not apply where a court "having jurisdiction, would clearly have declined to exercise it as a matter of discretion," <u>Watkins</u>, 591 A.2d at 599 (quoting <u>Restatement (Second) of Judgments</u> § 25 cmt. e), and we conclude this is such a case, we cannot sustain the district court's dismissal of Jones's complaint on that ground. Of course, we intimate no view as to whether there is any other facial defect in the pleading, as that issue was not considered by the district court.

III.

<u>Conclusion</u>

For the foregoing reasons, we will reverse the judgment dismissing Jones's complaint and remand for further proceedings consistent with this opinion. Each party to bear its own costs.