McKEE, Circuit Judge,
concurring:
I agree that this case should be affirmed for the reasons set forth by my colleagues and join their opinion. However, I believe the district court’s reliance on the entire controversy doctrine, as codified in New Jersey Court Rule 4:30A, is too important to ignore, and I would therefore also specifically hold that the district court erred in holding that Kelly’s suit is barred by that doctrine.
The district court dismissed the instant suit because Kelly and the Police Benevolent Association (“PBA”) had previously initiated a proceeding before the Public Employment Relations Commission (“PERC”). In that proceeding they alleged that the Borough’s conduct constituted an unfair labor practice, and that the defendant’s proposed disciplinary proceedings violated the New Jersey Employer-Employee Relations Act, N.J. Stat. Ann. § 34:13A-1 et seq. (the “Act”), and Kelly’s First Amendment right to free speech[1]. PERC subsequently concluded that the Borough had violated the Act. It recommended that the then — pending disci *-505 plinary proceeding against Kelly be withdrawn, that the defendants cease and desist from interfering with or discriminating against the PBA or Kelly, and that any related disciplinary matters be expunged from Kelly’s record. The instant suit under 42 U.S.C. § 1988 was filed before PERC issued its ruling, and the administrative claim was therefore still pending when this suit was filed. The district court held that the entire controversy doctrine barred Kelly from bringing the action under 42 U.S.C. § 1983 because of the prior administrative action.
The New Jersey entire controversy doctrine is a particularly strict application of the rule against splitting a cause of action. Like all versions of that rule its purpose is to increase judicial efficiency. Thus it precludes not only claims which were actually brought in previous litigation, but also claims that could have been litigated in the previous litigation.
Bennun v. Rutgers State Univ., 941 F.2d 154, 163 (3d Cir.1991). The district court reasoned that Kelly had elected the administrative forum, that the proceedings before PERC were judicial in nature, and that Kelly had a fair opportunity to litigate his claims before PERC. Kelly, 927 F.Supp. at 803. The district court concluded that “to allow Kelly to deliberately bypass New Jersey’s entire controversy rule would undermine the policy considerations at the center of the doctrine.” Id. at 804.
However, PERC has a well-established practice of refusing to hear constitutional claims except insofar as they relate to statutory claims properly before it under the Act. See Hunterdon Cent. High Sch. Bd. of Educ. v. Hunterdon Cent. High Sch. Teachers’ Ass’n, 174 N.J.Super. 468, 416 A.2d 980 (App. Div.) (holding that PERC did not exceed its authority in resolving, on a constitutional ground, a matter involving mandatorily negotiable terms in a teachers contract), aff'd. 86 N.J. 43, 429 A.2d 354 (1981); see also In re Bd. of Educ., 99 N.J. 523, 494 A.2d 279 (1985), and Brief of Amicus Curiae at 6 (PERC’s jurisdiction is limited to resolving statutory claims under the Act, and that “jurisdiction does not extend to resolving federal constitutional claims unless necessary to resolve such statutory claims.”).[2]
The district court erred in applying the entire controversy doctrine. Our analysis of that doctrine under the facts before us is squarely controlled by Jones v. Holvey, 29 F.3d 828 (3d Cir.1994), cert. denied on appeal after remand, — U.S.—, 116 S.Ct. 1329, 134 L.Ed.2d 480 (1996). In Holvey, administrative charges were brought against a state inmate for possession of a weapon in prison. A hearing officer found Jones guilty of that offense. Jones unsuccessfully challenged that decision administratively and then appealed to the Appellate Division of the Superior Court of New Jersey. That court reversed the decision of the hearing officer and vacated all sanctions that had been imposed on Jones.
Jones then filed an action in federal court under 42 U.S.C. § 1983 in which he alleged that his right to due process had been violated in the administrative proceeding. There, as here, the district court granted the defendants’ motion for summary judgment. The court held that Jones’s federal action under section 1983 was barred by the New Jersey entire controversy doctrine and the doctrine of res judicata. “The court determined that Jones could have raised the section 1983 claim ... in the New Jersey State Court proceeding_” Id. at 829. Jones appealed to this court, and we reversed. We held:
[Ujnder the entire controversy doctrine, a party will not be barred from raising claims that he could not have brought in the initial action. As the New Jersey Supreme Court has stated, if the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be held precluded.
*-504 Id. at 831 (internal quotations and citations omitted).[3] Here, the hearing examiner refused to hear Kelly’s First Amendment constitutional claim because that claim was not integral to the resolution of the labor dispute which was properly before the administrative body. The district court held “because Kelly had a fair opportunity to have litigated his claims before PERC, the Court finds that the entire controversy doctrine applies to the case at hand.” Kelly, 927 F.Supp. at 803. That was error. See Watkins v. Resorts Int’l Hotel & Casino, Inc., 124 N.J. 398, 591 A.2d 592, 599 (1991). There, the New Jersey Supreme Court stated:
If, on the other hand, a claim could not have been presented in the first action, then it will not be precluded in a later action.... If the plaintiffs could not have asserted both state and federal claims in a single forum, it would be unfair to force them to sacrifice the claims that could not be so asserted in order to bring a single action in one forum.
Id. 591 A.2d at 599.
It is even more clear here that the entire controversy doctrine should not preclude the federal action. In Holvey, we surmised that the Appellate Division would not have exercised jurisdiction of the federal claim based upon the “sparsity of the complaint.” Id. at 832. Here, the hearing examiner actually refused to hear Kelly’s First Amendment constitutional claim because that claim was not integral to the resolution of the labor dispute which was properly before the administrative body. We need not guess. The federal claims Kelly asserts here were not adjudicated in the PERC proceeding. Therefore, Kelly’s action in federal district court should not have become ensnared in the tentacles of the entire controversy doctrine. Holvey, 29 F.3d at 831. I believe that we should avail ourselves of this opportunity to define the parameters of this troublesome doctrine and clarify its operation. Thus, although I join in the opinion of my colleagues, I write separately to express regret that we have missed an opportunity to start putting this jurisprudential genie back into its analytical bottle.

. During the hearings before PERC, the unfair labor practice charge was amended to delete Kelly as one of the named charging parties.

. The Public Employment Relations Commission filed an amicus curiae brief before this court to clarify the issue of its jurisdiction. It took no position as to the merits of the dispute. See Brief of Amicus Curiae at 1.

. None of the parties cited Holvey in their briefs or argument before this court, and I can only assume that the district court was therefore also without the benefit of citation to this authority.