**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2341
_____

ASSEM A. ABULKHAIR,

                              Appellant

v.

JEANETTE PAGE-HAWKINS; STATE OF NEW JERSEY;
PASSAIC COUNTY BOARD OF SOCIAL SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-02368)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2011

Before:  SCIRICA, SMITH and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 18, 2011)

_____

OPINION
_____

PER CURIAM

     Assem A. Abulkhair appeals pro se from the District Court's entry of summary

judgment in favor of the defendants.  We will affirm.

I.

From 2002 through 2004, Abulkhair received interim welfare benefits through the Passaic County Board of Social Services ("the Board") pending his application for federal Supplemental Security Income. The Social Security Administration granted the application in 2004 but withheld $3,407 from its award to reimburse the Board for what it had paid. Abulkhair filed a state administrative appeal, arguing that the reimbursement was unauthorized and that the Board instead owed him compensation for his community work. He also argued that the Board should have made higher monthly payments.

Abulkhair's appeal initially was assigned to a New Jersey Administrative Law Judge ("ALJ"). Jeannette Page-Hawkins, who was then the Director of the New Jersey Department of Human Services Division of Family Development, later withdrew the appeal from the ALJ and reviewed it herself. Page-Hawkins rejected Abulkhair's claims and upheld the reimbursement on October 20, 2005. Abulkhair appealed to the New Jersey Superior Court, Appellate Division. He raised his underlying claims and also argued that Page-Hawkins wrongfully withdrew the case from the ALJ. The Appellate Division affirmed on March 23, 2007. Abulkhair unsuccessfully sought review by the New Jersey and United States Supreme Courts.

Abulkhair then filed suit in New Jersey state court against the Board and the State of New Jersey, repeating his claims and asserting that defendants' alleged conduct "violated the Federal and State Minimum Wage Statutes" and "the State and Federal Discrimination Statutes together with his constitutional rights." (Docket No. 30-2 at 67 ¶¶ 17-18.) He did not name Page-Hawkins as a defendant or include any allegations

about her.  The Trial Division concluded that Abulkhair's complaint was barred by his agency appeal, the Appellate Division affirmed, and Abulkhair again unsuccessfully sought discretionary review.

Finally, Abulkhair filed the federal complaint at issue here.  He named the Board, the State and Page-Hawkins as defendants and asserted his same underlying claims, which he now purports to bring under different federal statutes.  He also alleged that Page-Hawkins denied him due process by removing his administrative appeal from the ALJ.  The Board never responded to the complaint, and Abulkhair filed a motion for default judgment against it.  The State and Page-Hawkins filed a motion to dismiss or for summary judgment, arguing that the complaint is barred by res judicata and New Jersey's related entire controversy doctrine.  They also argued that the complaint is barred for other reasons, including the Rooker-Feldman doctrine and the statute of limitations.

The District Court notified the parties of its intention to treat the motion as one for summary judgment and allowed them to submit additional evidence.  They declined to do so, and the court entered summary judgment in favor of all defendants on May 10, 2011.  The court rejected defendants' Rooker-Feldman argument but agreed that the complaint is barred by res judicata and the entire controversy doctrine.  It also denied Abulkhair's motion for a default judgment against the Board as moot.  Abulkhair appeals.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  Our review of the District Court's entry of summary judgment is plenary.  See Shook v. Avaya Inc., 625 F.3d 69, 72 (3d Cir. 2010).  We may affirm the District Court's judgment on any ground supported by the record.  See id.  We review the District Court's denial of a motion for a default judgment

3

II.

Abulkhair frames his arguments in terms of the <u>Rooker-Feldman</u> doctrine, which the District Court did not apply, but the primary issue on appeal is the preclusion of his claims. The Full Faith and Credit Act requires federal courts to give state court judgments the same preclusive effect that the state courts would give them. <u>See</u> 28 U.S.C. § 1738; <u>Del. River Port Auth. v. Fraternal Order of Police</u>, 290 F.3d 567, 572-73 (3d Cir. 2002).

In this case, the District Court concluded that all of Abulkhair's claims are barred by res judicata and the entire controversy doctrine. We agree that all of his claims against the Board and the State, which Abulkhair named as defendants in his state court complaint, are barred by those doctrines under New Jersey law. <u>See</u> <u>Jones v. Holvey</u>, 29 F.3d 828, 830 (3d Cir. 1994). Indeed, the New Jersey courts themselves already have so held. Such claims remain barred despite Abulkhair's invocation of different statutes because his new legal theories do not change the nature of his underlying claims. <u>See</u> <u>DiTrolio v. Antiles</u>, 662 A.2d 494, 504 (N.J. 1995).

The District Court, however, did not mention or apply preclusion principles to Abulkhair's claim that Page-Hawkins denied him due process by removing his agency appeal from the ALJ and deciding it herself. Abulkhair did not assert that claim or name Page-Hawkins as a defendant in his state-court complaint, and the New Jersey courts thus did not address the claim in that context. The District Court did not discuss whether

for abuse of discretion. <u>See</u> <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000).

Abulkhair's state-court complaint nevertheless triggers res judicata or the entire controversy doctrine as to that claim, and we question whether it does.[2]

The District Court also did not discuss whether Abulkhair's agency appeal triggers those doctrines, and we question that point as well. Abulkhair argued in that appeal that Page-Hawkins improperly removed his case from the ALJ, and the Appellate Division rejected his argument as follows: "Plaintiff argues that the matter was improperly removed from [the ALJ] based on the D[ivision of Family Development]'s fear of an adverse ruling. We reject this claim." (Docket No. 30-2 at 30 & n.1.)[3] This ruling does not necessarily preclude Abulkhair's federal due process claim. We held in a similar case that a prior New Jersey agency appeal did not preclude such a claim because, "[b]ased on our review of New Jersey cases, we predict that a New Jersey appellate court faced with

---

[2] Res judicata generally applies to parties in privity with those named in a prior action and to claims that were not but could have been asserted in that action. See Holvey, 29 F.3d at 830. Even if Page-Hawkins is in privity with the State in her official capacity, however, and even if Abulkhair's claim that she denied him due process is sufficiently related to his underlying claims for res judicata and entire controversy purposes (which is questionable, see id.), those doctrines may not apply to his claim against her in her individual capacity. Cf. Gregory v. Chehi, 843 F.2d 111, 120-21 (3d Cir. 1988) (so concluding under Pennsylvania law). In addition, the entire controversy doctrine requires the joinder of related claims but not related parties. See Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., — A.3d —, Nos. A-102/103 September Term 2009, 2011 WL 1991155, at *8 (N.J. May 18, 2011); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 135 n.1 (3d Cir. 1999).

[3] The defendants have not argued that this ruling bars the claim as a matter of collateral estoppel/issue preclusion (as opposed to res judicata or the entire controversy doctrine), and the District Court did not address that issue. See Caver v. City of Trenton, 420 F.3d 243, 259 (3d Cir. 2005) (explaining that collateral estoppel under New Jersey law requires, inter alia, prior litigation of the identical issue).

[a] section 1983 claim at the time that it was evaluating [an administrative] appeal . . . would not exercise original jurisdiction" to decide that claim. Holvey, 29 F.3d at 832. Neither the District Court nor defendants have addressed that decision.

It is not necessary for us to resolve these issues or remand for the District Court to do so, however. As Defendants argue, Abulkhair's § 1983 claim against Page-Hawkins is barred by the statute of limitations. The applicable statute is New Jersey's two-year statute of limitations for personal injury actions. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In this case, Page-Hawkins decided Abulkhair's administrative appeal on October 20, 2005. (Docket No. 30-2 at 24-26.) Abulkhair was aware of any claim in that regard at least by November 2, 2005, when he argued to the Appellate Division that Page-Hawkins's removal of the appeal from the ALJ was improper. (Id. at 27-28.) The Appellate Division rejected that argument on March 23, 2007. (Id. at 29-30.) Even using that date as the date of accrual, the two-year statute of limitations had long expired when Abulkhair filed his federal complaint on May 7, 2010. Page-Hawkins moved for summary judgment on statute of limitations grounds and Abulkhair submitted nothing calling its application into question. Thus, there is no doubt that this claim is barred by the statute of limitations.

Abulkhair raises several arguments that require some additional discussion. First, he argues that the District Court should have granted his motion for a default judgment against the Board instead of granting summary judgment in its favor because the Board itself never moved for summary judgment or otherwise responded to his complaint. We

reject that argument. The District Court's entry of summary judgment as to the Board is properly construed as the entry of summary judgment sua sponte. Such an entry is permissible when the District Court provides notice of its intention to entertain summary judgment and an opportunity to respond. See Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006). The District Court provided such notice and opportunity here. The fact that the Board itself did not move for summary judgment is of no moment because the other defendants moved for summary judgment on the grounds discussed above and they apply equally to the Board. See id. In light of the Board's meritorious defense, the District Court also did not abuse its discretion in denying Abulkhair's motion for a default judgment. See Chamberlain, 210 F.3d at 164.

Second, Abulkhair argues that the record was not adequately developed to apply preclusion principles. He notes the District Court's statement that defendants had not submitted a copy of his state-court complaint. (Docket No. 40 at 3.) Defendants, however, in fact submitted a copy (Docket No. 30-2 at 65-68), and we have reviewed it as part of our plenary review. Abulkhair also asserts that defendants failed to properly certify their state-court documents by affidavit. Abulkhair does not claim that the documents are not authentic, however, and we see no basis to question their authenticity.

Third, Abulkhair argues that the District Court overlooked his summary judgment response because, although he submitted one (Docket No. 35), the District Court stated that "Plaintiff has failed to file any substantive opposition to Defendants' motion[.]" (Docket No. 40 at 2.) The District Court, however, clearly was referring to Abulkhair's

failure to submit an <u>additional</u> substantive response after it notified the parties that it would treat defendants' motion as one for summary judgment.  In any event, we have reviewed the record de novo, and Abulkhair submitted nothing raising a genuine issue of material fact.

Finally, Abulkhair argues at length that he did not sign an agreement authorizing the Board's recoupment and that the state court finding to the contrary is an "unreasonable determination of the facts" within the meaning of the federal habeas corpus statute, 28 U.S.C. § 2254(d)(2).  The habeas statute has no application in this context, however, and Abulkhair may not relitigate this claim for the reasons explained above.

For these reasons, we will affirm the District Court's judgment.