**CYCLE CHEM, INC.; Clean Venture, Inc., Appellants**

v.

**Lisa P. JACKSON, Commissioner, New Jersey Department of Environmental Protection; Bradley M. Campbell.**

No. 09–1320.

United States Court of Appeals, Third Circuit.

Argued Nov. 9, 2011.

Opinion Filed: Feb. 14, 2012.

Appeal from the United States District Court for the District of New Jersey (D.C. Civil No. 2–07–cv–05575), District Judge: Honorable Stanley R. Chesler.

James M. Hazen, Esq., [Argued], Red Bank, NJ, for Appellants.

Jon C. Martin, Esq., [Argued], Office of Attorney General of New Jersey, Division of Law, Trenton, NJ, for Appellees.

Matthew H. Duncan, Esq., [Argued], Fine, Kaplan & Black, Philadelphia, PA, for Court Appointed Amicus Curiae.

Before: RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Plaintiff–Appellants Cycle Chem, Inc. and Clean Venture, Inc. (collectively, "Cycle Chem") appeal an order of the United States District Court for the District of New Jersey denying their motion for reconsideration of the District Court's prior order granting the Defendant's motion to dismiss. For the following reasons, we will affirm.

## I.  Background

Cycle Chem is in the business of generating, transporting and storing hazardous waste in the state of New Jersey, an industry highly regulated by the New Jersey Department of Environmental Protection ("DEP").[1] On December 5, 2001 and December 31, 2001, the DEP attempted to inspect Cycle Chem's facilities pursuant to the New Jersey Solid Waste Management Act and associated regulations. Cycle Chem failed to provide certain requested documents and to allow inspection of its oil drums at that time.

The DEP imposed two penalties on Cycle Chem for failing to permit the inspections. Cycle Chem contested those penalties in a state administrative proceeding before an administrative law judge. The Commissioner of the DEP adopted the findings of the administrative law judge, upheld the imposition of the penalties, and fixed their total amount at $29,000. Cycle Chem appealed the Commissioner's decision to the Appellate Division of the New Jersey Superior Court, which affirmed the Commissioner's ruling. The New Jersey Supreme Court then denied Cycle Chem's petition for certification in November 2005.

Two years later, Cycle Chem filed a § 1983 action in federal court, alleging due process and Fourth Amendment violations. Cycle Chem claims that the Defendant, the Commissioner of the DEP, violated its due process rights by imposing the penalties without evidence that Cycle Chem refused to allow the DEP to inspect the premises, and that the decision of the administrative law judge and the Commissioner violated its due process rights by upholding the penalties despite no evidence sustaining their validity. Cycle Chem further claims that the administrative search regime authorizing the DEP to inspect its facilities violates the Fourth Amendment.

The Commissioner moved to dismiss Cycle Chem's case. At oral argument, the District Court granted that motion on the basis of the *Rooker–Feldman* doctrine. *See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The District Court also denied Cycle Chem's motion for leave to file a second amended complaint because that proposed complaint would also have been subject to dismissal under the *Rooker–Feldman* doctrine. The District Court memorialized its decision in an order filed on September 4, 2008. That order provided that Cycle Chem "may, within 30 days of the date of this Order, file a renewed motion for leave to file a Second Amended Complaint to assert claims for relief not based on the alleged wrongdoing underlying the claim asserted in the Amended Complaint." If Cycle Chem did not file the renewed motion, the order further provided that "the Amended

---

**1.** Cycle Chem initially sued Lisa P. Jackson, naming her as the Commissioner of the DEP. Cycle Chem amended its complaint, and while Jackson's name remains in the case caption on appeal, the amended complaint substituted former DEP Commissioner Bradley Campbell as the defendant in Jackson's place.

Complaint will be dismissed with prejudice and the Clerk of the Court will be directed to close this case." (App. at A2.)

On September 19, 2008, Cycle Chem filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Under then-existing rules, that motion was untimely. *See* Fed.R.Civ.P. 59(e) (2008) (requiring that a motion for reconsideration be filed no later than ten days after entry of the judgment). In its motion, Cycle Chem argued that the District Court was wrong to dismiss the complaint on the basis of the *Rooker–Feldman* doctrine. Cycle Chem also renewed its motion to file a second amended complaint, timely submitting that filing on October 3, 2008. In an order filed on January 6, 2009, 2009 WL 44746, the District Court denied Cycle Chem's motion for reconsideration and renewed motion to file a second amended complaint. The order also provided that "this action be and hereby is **CLOSED**." (App. at A13.) Cycle Chem then filed a notice of appeal on February 2, 2009, which was timely when measured from the order denying the motion for reconsideration, but clearly untimely when measured from the order dismissing the complaint. *See* Fed. R.App. P. 4(a)(1) (setting a 30-day deadline to file a notice of appeal).

## II. Discussion

■ A threshold issue—whether the September 4, 2008 order dismissing Cycle Chem's complaint was an appealable final order—must first be answered so that we may determine the scope of our jurisdiction in this appeal. If the initial dismissal order was not an appealable final judgment, Cycle Chem's notice of appeal from the order denying the motion for reconsideration would bring up the initial dismissal order for review. That is, if the initial dismissal order was merely an interlocutory order, then the January 6, 2009 order

would be the only final order in this case. As such, we would then have jurisdiction over both the January 6, 2009 order and the initial dismissal order because under the merger rule, prior interlocutory orders, like the initial dismissal order here, "merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir.2008) (internal quotation marks and citation omitted). If, however, the initial dismissal order was an appealable final order, we would need to address whether Cycle Chem's notice of appeal brings up the initial dismissal order for review, *i.e.*, whether Appellate Rule 4(a)(4)(A) tolls the time for taking the appeal.

We find that the initial dismissal order was not an appealable final order. Rather, the order was essentially a dismissal without prejudice because it granted Cycle Chem the opportunity to file a renewed motion to file a second amended complaint. A dismissal without prejudice is generally not an appealable final judgment under 28 U.S.C. § 1291, unless "the plaintiff cannot cure the defect in the complaint or elects to stand on the complaint without amendment." *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir.1996). Cycle Chem did not elect to stand on the complaint without amendment; instead, it renewed its motion to file a second amended complaint, which it believed alleged wrongdoing that did not form the basis of the complaint that the District Court dismissed. Therefore, the initial dismissal order was not an appealable final order under 28 U.S.C. § 1291.

■ Only the order denying Cycle Chem's motion for reconsideration was an appealable final order under 28 U.S.C. § 1291; in that order, the District Court

finally dismissed the case with prejudice by ordering that "this action be and hereby is **CLOSED**." (App. at A13.) Cycle Chem's notice of appeal was timely when measured from that order. Because under the merger rule, the initial dismissal order is merged with the final judgment, we review on appeal both the District Court's denial of the motion for reconsideration and the initial underlying dismissal.[2] We exercise plenary review over those decisions. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999) (exercising plenary review over a motion to dismiss); *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 673 (3d Cir. 1999) (exercising plenary review when the denial of a motion for reconsideration is predicated on an issue of law).

■ The District Court initially dismissed the case without prejudice and denied the motion for reconsideration for the same reason; it believed that pursuant to the *Rooker–Feldman* doctrine, it had no subject matter jurisdiction over Cycle Chem's suit. The *Rooker–Feldman* doctrine "takes its name from the only two cases in which the Supreme Court has applied it to defeat federal subject-matter jurisdiction: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 164 (3d Cir.2010). As the Supreme Court has explained, the *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining

of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.,* 544 U.S. at 284, 125 S.Ct. 1517. The doctrine, the Court has emphasized, applies in "limited circumstances" and is "not triggered simply by the entry of judgment in state court." *Id.* at 291, 292, 125 S.Ct. 1517.

There are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining,* 615 F.3d at 166 (internal quotation marks and citation omitted). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.* Here, the District Court focused on the second requirement. It reasoned that Cycle Chem's injury—the penalties—was caused by the state-court judgments because even though the penalties were imposed by the DEP, they were upheld by the New Jersey Appellate Division.

As we explained in our recent opinion in *Great Western Mining,* we can determine whether a plaintiff is complaining of injuries caused by a state-court judgment by identifying the source of the plaintiff's injury. If the *Rooker–Feldman* doctrine is to apply, the injury must be caused by the state-court judgment, not the defendant. But "when the source of the injury is the

---

**2.** To the extent that the order denying the motion for reconsideration also denied Cycle Chem's renewed motion for leave to file a second amended complaint, we do not review it on appeal. Cycle Chem has waived any

right to appeal that decision, for it has not presented any argument on that portion of the District Court's order in its briefs. *See Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3d Cir.1993).

defendant's actions (and not the state court judgments), the federal suit" is not barred by the *Rooker–Feldman* doctrine, "even if it asks the federal court to deny a legal conclusion reached by the state court." *Id.* at 167. We further noted that "[a] useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.* (citations omitted).

Cycle Chem's injury, from the alleged due process and Fourth Amendment violations, stemmed not from the New Jersey Appellate Division's decision to uphold the penalties. Rather, the source of the injury is the DEP, for it is the DEP that engaged in allegedly illegal warrantless searches of Cycle Chem's facilities and imposed penalties on Cycle Chem without due process for impeding its attempted search. This injury occurred before any proceedings in state court began. The Appellate Division's decision merely affirmed the penalties; it was not the source of the claimed injury. Therefore, the District Court incorrectly held that the *Rooker–Feldman* doctrine barred it from exercising jurisdiction over Cycle Chem's suit.

█ Nevertheless, as we observed in *Great Western Mining*, principles of preclusion may still bar a federal court from hearing the claims presented. *See* 615 F.3d at 173 ("Ordinarily, having concluded our jurisdictional inquiry, the next step would be to apply state law to determine the preclusive effect of the prior state-court judgments."). We find that res judicata, or claim preclusion, applies to Cycle Chem's action. As a result, the District Court was correct to dismiss Cycle Chem's complaint and deny its motion for reconsideration.

The doctrine of res judicata applies to federal civil actions brought under § 1983, and, in this context, we must afford "a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Jones v. Holvey*, 29 F.3d 828, 829–30 (3d Cir.1994) (citation omitted). Res judicata bars the re-litigation of "matters actually determined in an earlier action, [and] to all relevant matters that could have been so determined." *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 591 A.2d 592, 599 (1991). "If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action." *Id.* Under New Jersey law, res judicata applies when "(1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action." *Jones*, 29 F.3d at 830 (citing *Watkins*, 591 A.2d at 599; *Culver v. Ins. Co. of N. Am.*, 115 N.J. 451, 559 A.2d 400, 405–06 (1989)).

All three requirements are met here. The judgment rendered by the New Jersey Appellate Division was valid, final and on the merits. There is also identity of the parties, for Cycle Chem was a party to the first action and the Defendant, the DEP Commissioner, is the DEP's privy. *See Jones*, 29 F.3d at 830 (finding that the defendants, who were employees of a state agency, were in privity with that state agency, which was the defendant in the first action); *see also Schuster v. Martin*, 861 F.2d 1369, 1373 (5th Cir.1988) ("It is also a general principle of the law of preclusion that state officials are, as a matter of law, in privity with the agency or department in which they serve.").

Finally, the claims presented in this action grow out of the same transaction or occurrence as the claims in the first action; indeed, the New Jersey Appellate Division considered and rejected the same claims that Cycle Chem brings here. Cycle Chem's claims here stem from the DEP's allegedly illegal search of Cycle Chem's facilities and imposition of penalties on Cycle Chem for impeding the attempted search. In its opinion, the Appellate Division listed Cycle Chem's arguments, among them that the DEP "lacked authority to conduct a warrantless search" and that the penalties were wrongfully imposed. (App. at A37.) The Appellate Division then rejected those arguments, discerning "no basis in the record of this matter justifying a departure from the general rule permitting 'administrative,' i.e. warrantless, searches of highly or pervasively regulated industries" and finding that the penalties were therefore properly imposed. (*Id.* at A38–39.) By doing so, the Appellate Division demonstrated that it would have exercised its original jurisdiction to resolve the § 1983 claims had Cycle Chem brought them in state court. *See Jones,* 29 F.3d at 831–32 (predicting whether a state court would have exercised original jurisdiction over a § 1983 claim in an appeal from an administrative decision). Accordingly, res judicata bars a federal court from entertaining Cycle Chem's suit. The District Court was correct to dismiss Cycle Chem's complaint and deny its motion for reconsideration.

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.