

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2006

# Yuhasz v. Poritz

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Yuhasz v. Poritz" (2006). *2006 Decisions.* Paper 1576.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1576

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1660

———————

JOANNE N. YUHASZ, CSR, RPR,

Appellant

v.

DEBORAH T. PORITZ, et al.

(D.C. Civil No. 03-cv-02750)
District Judge: Honorable Dickinson R. Debevoise

———————

Nos. 05-1838 & 05-2872

———————

JOANNE N. YUHASZ,

Appellant

v.

BRUCE D. LEDER, ESQ., et al.

(D.C. Civil No. 04-cv-01508)
District Judge: Honorable Joel A. Pisano

———————

On Appeal From the United States District Court
For the District of New Jersey

———————

OPINION

PER CURIAM

Appellant Joanne Yuhasz appeals from multiple District Court orders in two separate but closely related federal suits. She filed four separate appeals, which were either withdrawn or consolidated here. For many of the same reasons given by the District Court, we will affirm.

**I**.

Over the past decade, Yuhasz has filed five state and three federal suits, against more than fifty Defendants. Her lawsuits are derivative in nature, i.e., persons who were only marginally affiliated with one suit often become named Defendants in the next, such as judges who presided over earlier cases, current and former New Jersey Attorney Generals, former employers and unions, her former attorneys, and even her former attorneys' attorneys. Despite the tortuous road paved by her duplicative snowballing suits, the parties are by now familiar with the facts, and we only briefly summarize them here.

From 1974 until her termination in 2000, Yuhasz was employed by the New Jersey

Judiciary Administrative Office of the Courts (AOC) as a certified shorthand reporter. In 1991, she filed the first of many grievances with the AOC alleging sexual harassment and a hostile work environment. She also retained counsel and filed unfair labor practice charges with the Public Employment Relations Commission (PERC). With several of her PERC charges still pending, Yuhasz filed her first state lawsuit in 1995. See MER-L-2514-95 (suit 1). Since then, Yuhasz has filed four more state court actions, none of which has yet been successful.[1] Yuhasz filed her first federal suit, sixth overall, in April 2003. See Yuhasz v. Rodriguez, D.N.J. No. 03-cv-01830. The parties entered into a consent agreement dismissing the complaint in November of the same year. Meanwhile, Yuhasz filed a second complaint in federal court. See Yuhasz v. Poritz, D.N.J. No. 03-cv-02750. She named all of the parties to this appeal with the exception of Judge Debevoise, who presided over the proceedings.

The Defendants can be narrowed down into four main groups: (1) the Administrative Defendants;[2] (2) the Union Defendants;[3] (3) the Attorney Defendants;[4]

[1] See ESX-L-5833-99 (formerly MRS-L-1452-96) (suit 2); ESX-L-3975-99 (formerly MRS-L-845-99) (suit 3); ESX-L-3281-00 (suit 4); BUR-L-1778-04 (formerly MER-L-1623-00) (suit 5). Suit 5 is still pending in the Burlington County Court with discovery ongoing.

[2] The Administrative Defendants include: Justice Deborah Poritz; the AOC; Attorney General Peter Harvey; Judge Reginald Stanton; Judge James Ciancia; and PERC. Often Yuhasz and the District Court treat the three judges as part of the Judicial Defendant category, but since none of them are being sued in their capacity as judges, they are more appropriately placed here.

[3] The Union Defendants include: Office and Professional Employees International Union, Local 32 (OPEIU); Patrick Tully and Lois Cuccinello as agents of OPEIU; the

and (4) the Judicial Defendants.[5]  Her claims can also be divided into four distinct types: first, the Administrative Defendants transferred and terminated her employment in retaliation for filing administrative grievances, a violation of the First and Fourteenth Amendments; second, nearly all the Defendants violated the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961-1968, by covering up fraudulent union and AOC activities; third, the Attorney Defendants committed legal malpractice, tortious interference, and abuse of process in conspiracy with the other Defendants to conceal monetary thefts; and fourth, nearly all of the Defendants conspired to terminate

Certified Shorthand Reporters Association of New Jersey (CSRA/NJ); Susan Scardilli and Edward Sajkowski as agents for CSRA/NJ; and CSRA/NJ Collective Bargaining Committee.

[4] The Attorney Defendants include: Stephen Weinstein; Stephen Weinstein, P.C. (represented Yuhasz in grievance proceedings before PERC); Bruce Leder (represented Yuhasz from 1992-96); Schneider, Goldberger, Cohen, Finn, Solomon, Leder & Montalbano, P.C.; Joel Selikoff (represented Yuhasz in 1995-96); Michael Damm (represented Yuhasz in 1995-96); Selikoff & Cohen, P.C.; Keith McKenna (represented Yuhasz in PERC proceedings); Anthony Ambrosio (same); Ambrosio, Kyreakakis, DiLorenzo, Moraff & McKenna; William Courtney (filed PERC charges on Yuhasz's behalf); Christopher Carey (represented Stephen Weinstein in suit 2); Tompkins, McGuire, Wachnfeld & Barry (Carey's Law firm at the time); John Kennedy (represented Bruce Leder in suit 2); O'Donnell, Kennedy, Vespole & Piechta; Andrew Kessler (Represented Joel Selikoff in suit 2); Hoagland, Longo, Moran, Dunst & Doukas (Kessler's firm); Bruce Seidman (represented CSRA/NJ and its employees in suit 4); DeVeaux & Seidman; Robert Henninger (represented OPEIU in suit 4); and Spear, Wilderman, Borish, Endy, Spear & Runckel (same).

[5] The Judicial Defendants include: Judge Linda Feinberg; Judge Neil Shuster; Judge Paulette Sapp-Peterson; Judge Joseph Falcone; Judge Eugene Codey; Judge Philip Freedman; Judge Donald Goldman; Judge Edith Payne; Judge Theodore Winard; Judge Arthur Minuskin; Judge Michael King; Judge Ariel Rodriguez; Judge Steven Lefelt; Judge Joseph Lisa; Judge Ermine Conley; Judge Sylvia Pressler; and Judge James Petrella.

4

Yuhasz's employment in an attempt to conceal monetary theft and illegal union activity. Yuhasz also raised several state law claims relating to the same conduct.

A number of Defendants filed motions to dismiss. Yuhasz responded by moving for Judge Debevoise's recusal. The District Court denied the motion and dismissed the complaint against certain Attorney Defendants, the AOC, and the Judicial Defendants for a number of reasons. Yuhasz then voluntarily dismissed most of the remaining Attorney Defendants. A few Defendants remained, and the claims against them were eventually dismissed. Yuhasz appealed.

In the meantime, Yuhasz filed her third federal suit, which was assigned to Judge Pisano. Yuhasz v. Leder, D.N.J. No. 04-01508. The complaint is practically identical to the one in 04-cv-02750 except that Judge Debevoise is named as an additional defendant. However, Chief Judge Bissell immediately dismissed this claim as frivolous. On November 24, 2004, Yuhasz moved for Judge Pisano's recusal, which he denied. After extensive briefing, Judge Pisano dismissed the complaint against all of the Defendants. Prior to the dismissal, however, several Defendants moved for an order barring Yuhasz from filing any future documents without first obtaining leave of court. Judge Pisano granted the motion. Yuhasz appealed both orders. We consolidated her appeals with her appeals from 03-cv-02750.[6]

---

[6] We have jurisdiction under 28 U.S.C. § 1291. Yuhasz also moves to supplement the record. After reviewing the proffered supplement, we will deny the motion. See Fed. R. App. P. 10(e); In re Cmty. Bank of N. Va., 418 F.3d 277, 317 n.32 (3d Cir. 2005).

5

## II.

Yuhasz raises twelve challenges to the decisions below, dividing them evenly between the District Court cases. However, many of the arguments overlap. Essentially, Yuhasz challenges the denial of her recusal motions, Judge Debevoise's denial of her motion to file a RICO case statement, both Judges' orders denying her motions to amend the complaint, Judge Pisano's order barring her from filing without obtaining leave, and the dismissal of the Defendants in each matter. We first address the appeals from 03-cv-02750, and then turn to 03-cv-01508.

A.     Appeal from 03-cv-02750

With respect to Yuhasz's challenges relating to the orders denying her motion for recusal, her motion for the inclusion of a RICO statement, and her motion to amend, each is plainly without merit. Yuhasz argues that recusal was warranted because Attorney General Peter Harvey was Judge Debevoise's law clerk in 1982-83 and the court reporter is an unnamed Defendant. Neither relationship on its face raises an appearance of wrongful or inappropriate bias or prejudice. See generally Mitchael v. Intracorp, Inc., 179 F.3d 847 (10th Cir. 1999) (finding recusal not warranted where judge formerly represented defendant and defendants were now represented by the judge's former partner). We find no abuse of discretion. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

She next argues that Judge Debevoise erred by denying her motion to file a RICO case statement pursuant to the local rules of the District of New Jersey and denying her

6

motion to amend her complaint. A District Court has discretion to order the filing of a RICO statement. See Northland Ins. Co. v. Shell Oil Co., 930 F. Supp. 1069, 1073 (D.N.J. 1996). Yuhasz's complaint more than adequately sets forth her alleged claim, eliminating the need for a more developed statement. Similarly, permitting the filing of an amended complaint is within the District Court's discretion. See Lake v. Arnold, 232 F.3d 360, 373-74 (3d Cir. 2000). Yuhasz's failure to supply a draft of the proposed amendments with her motion is sufficient under the local rules to justify the denial. Id. The District Court did not abuse its discretion in either instance.

We must also address Yuhasz's argument that the dismissals must be reversed because the District Court improperly converted the motions to dismiss to motions for summary judgment by examining evidence outside the complaint. When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), a court may examine the facts as alleged in the pleadings as well as "matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case." See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384, 1385 n.2 (3d Cir. 1994) (citations omitted). It does not appear that Judge Debevoise examined any evidence not properly before the Court on a motion to dismiss. Thus, we turn to the dismissals.

We review the grant of a motion to dismiss de novo. See Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004). Yuhasz specifically challenges only the dismissal of certain Attorney Defendants; the Judicial Defendants; and a few of the Administrative Defendants. She fails to state a claim under RICO against any of the Defendants because

7

her allegations, even if true, do not satisfy the elements of the cause of action.

A claim under 18 U.S.C. § 1962(c) requires a showing of "racketeering activity." § 1962(c); see Rose v. Bartle, 871 F.2d 331, 359 (3d Cir. 1989). A racketeering activity must be either a specified federal offense or "any act involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1). Her allegations of fraud almost parallel the crime of extortion. See N.J. Stat. Ann. § 2C:20-5. However, Yuhasz does not allege that any Defendant threatened her with conduct prohibited under the statute, an essential element of the crime. See N.J. Stat. Ann § 2C:20-5. Thus, the District Court properly dismissed her RICO claims.

Turning to each specific Defendant, applying New Jersey's preclusion law, the claims against the Attorney Defendants are barred under the entire controversy doctrine. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (requiring the application of state preclusion principles). The doctrine provides that "[n]on-joinder of claims or parties required to be joined by the . . . doctrine shall result in the preclusion of the omitted claims . . . ." N.J. Ct. R.4:30A; Fields v. Thompson Printing Co., Inc., 363 F.3d 259, 265 (3d Cir. 2004). To fall under the doctrine, a claim must relate to the same facts or transaction. See DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995). The Attorney Defendants were first named in suit 3. There, Yuhasz did not bring her § 1983 claims, but instead alleged malpractice and abuse of process. However, § 1983 claims are

8

actionable in state court. See Felder v. Casey, 487 U.S. 131, 139 (1988). Since the allegation is that the Attorney Defendants conspired with the other Defendants to conceal fraudulent activities, the claims arise from the same related facts. Thus, the Attorney Defendants were properly dismissed.

With respect to Justice Poritz, Judge Stanton, and Judge Ciancia, the District Court also correctly dismissed the claims. Although her RICO claims must fail, Yuhasz also raises First Amendment and due process claims. All three Judges are Administrative Defendants considering they are being sued in their employment, not judicial, capacity. The claims against Judge Stanton stem, in part, from her original transfer, which she claims was retaliatory. However, she fails to state a claim because, by her own admission, Judge Stanton decided to transfer Yuhasz prior to the filing of any grievances. See Pl.'s App. at 298 ¶ 47. Thus, no retaliation can be shown. See Brennan v. Norton, 350 F.3d 399, 412-14 (3d Cir. 2004). She also makes broad assertions that Judge Stanton violated the First and Fourteenth Amendments by obstructing her ability to file a civil complaint. She bases her assertion on two letters written by Judge Stanton to Judges Falcone and Feinberg explaining that Yuhasz served him with a subpoena, but he could not testify on the day scheduled unless otherwise ordered to do so. These letters in no manner violate any constitutional right or established procedural process.

Similarly, these claims fails against Justice Poritz and Judge Ciancia. Yuhasz alleges that Justice Poritz approved of Judge Ciancia's failure to provide a disciplinary notice prior to termination as required by N.J. Admin. Code. § 4A:2-2.5. However,

9

Yuhasz states that she was told a termination hearing would be available, but when she requested a hearing, the AOC denied her request. The statute does not necessarily entitle an employee to written notice. Further, § 4A:2-2.5(c) provides that the right to a hearing is waived if not requested within five days. Yuhasz fails to state whether she made a timely request. Thus, she fails to allege a due process violation. Moreover, it is not clear from her complaint that either Justice Poritz or Judge Ciancia was responsible for either providing notice or denying her a hearing.

With respect to the Judicial Defendants, Yuhasz' claims are barred by either absolute judicial immunity or the Rooker-Feldman doctrine. To the extent her claims seek monetary damages for conduct performed in an official capacity, absolute immunity applies. See Mireles v. Waco, 502 U.S. 9, 9 (1991); Gallas v. Supreme Ct. of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000). To the extent her claims seek the reversal of any substantive order or ruling, which it appears that they do, the claims are barred by Rooker-Feldman. See Exxon Mobile Corp v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1523-24 (2005) (explaining the doctrine bars claims that would necessarily require review of a state court's decision).

Finally, we affirm the dismissal of the claims against Peter Harvey and Thompson, McGuire. Her claims against both reflect the basic theme underlying this entire litigation, that the Defendants conspired together to conceal monetary theft by the Union Defendants. She provides no evidentiary support for her claims against either Defendant. We agree that her claims are frivolous. In sum, we affirm Judge Debevoise's orders.

10

B.     Appeal from 04-cv-01508

This suit is a mirror image of 03-cv-02750.  Yuhasz also makes similar arguments in her appeal.  With respect to the appeals from the orders denying her motion to recuse and her motion to amend the complaint, we conclude that the District Court did not abuse its discretion.  See SecuraComm Consulting, Inc., 224 F.3d at 278 (recusal); Lake, 232 F.3d at 373-74 (amended complaint).  Yuhasz alleges that Judge Pisano exhibited prejudice by denying her motion for an extension of time because she was disabled.  She also claims that Judge Pisano interfered with a grand jury investigation because his order denying her motion to stay the proceedings was issued prior to the U.S. Attorney's Office declining to pursue an investigation.  Neither of these accusations is sufficient to show an abuse of discretion in denying the motion to recuse.  An unfavorable ruling is not a basis for recusal.  See SecuraComm Consulting, Inc., 224 F.3d at 278.  Nor is it unreasonable to deny a third motion for an extension of time when it is abundantly clear that Yuhasz is capable of reading her paperwork and filing documents in court.  See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (applying an abuse of discretion standard of review).  Additionally, the coincidence that Judge Pisano's order denying the stay motion and the Attorney General's letter declining to investigate arrived within one day of the other does not in any manner evidence an ex parte communication.  See United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (stating conclusory statements need not be credited).  Judge Pisano did not abuse his discretion in denying the motion to recuse.

Nor did the District Court abuse its discretion in denying the motion to amend.

11

Although the District Court did not provide any reasons for the denial, the proposed amendment essentially responds to various motions to dismiss. The opinion dismissing the complaint adequately sets forth reasons for denying the motion to amend. We also agree with the District Court that the claims against the Defendants who were also a party to 03-cv-02750 are barred under res judicata. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).

Although Judge Debevoise's decisions do not have a preclusive effect on the Defendants voluntarily dismissed from the earlier federal suit, state preclusion laws still apply. The remaining Defendants include the CSRA/NJ and its representatives; the CSRA/NJ Collective Bargaining Association; the OPEIU, Local 32 and its representatives; PERC; and the Attorney Defendants not discussed above. With respect to the Union Defendants, Yuhasz's claims are barred by res judicata and the entire controversy doctrine. Yuhasz raised her non-constitutional claims and lost on the merits in suit 4. See Jones v. Holvey, 29 F.3d 828, 830 (3d Cir. 1994) (applying New Jersey's res judicata law). Her constitutional claims were available when she filed suit 4, were related to the same facts, and should have been brought at that time. See DiTrolio, 662 A.2d at 501-02.

The claims against all of the Attorney Defendants, with the exception of Seidman, Henninger, and their respective firms are also barred by the same principles. To the extent Yuhasz raises malpractice, abuse of process, and other state law claims, res judicata applies. All of the Attorney Defendants were originally named in either suit 2, 3,

12

or 4 and the state courts found the claims meritless. See Jones, 29 F.3d at 830. We recognize that Yuhasz does not expressly bring malpractice claims in her federal suit, but the entire controversy doctrine equally bars her alleged conspiracy allegations, which she claims occurred between 1995 and 2000. See DiTrolio, 662 A.2d at 501-02.

The claims against Siedman, Henninger, and their respective firms were brought for the first time in federal court. The complaint makes no specific allegations other than that the Attorneys were involved in a conspiracy to cover up an "illegal union takeover." Yuhasz raised this claim against other Defendants in suit 4, and Judge Winard found that no union takeover existed. Collateral estoppel prevents this fact from being re-litigated here. See Houbigant, Inc. v. Fed. Ins. Co., 374 F.3d 192, 204 (3d Cir. 2004). The claims against PERC and the Office of the Attorney General also fail for several reasons, but it suffices to say that the claims are barred under the statute of limitations. See N.J. Stat. Ann. § 2A:14-2; Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (two years). Thus, the District Court properly dismissed the complaint against all of the Defendants.

Finally, we are asked to review whether Judge Pisano abused his discretion in granting the Defendants' motion to bar Yuhasz from "filing, without first seeking leave of court, any complaint or other paper concerning and arising out of: (1) Ms. Yuhasz's employment as a court reporter, (2) the subsequent litigation of claims, and (3) the rulings by judicial or administrative officers concerning those claims." Order entered Apr. 27, 2005. An injunction is an extreme remedy, but we will affirm the grant of an injunction if

13

the enjoined litigant was given notice and opportunity to be heard, and the injunction is narrowly tailored to fit the particular circumstances of the case. See Brow v. Farrelly, 994 F.2d 1027, 1038-39 (3d Cir. 1993); In Re: Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989). Yuhasz was given notice and the District Court issued an order to show cause. Further, we agree with the District Court that this litigation must come to an end. Yuhasz has burdened nearly every person even remotely connected to this lawsuit, including several courts and numerous judges. The District Court's order bars only actions relating to this matter and provides sufficient safeguards to ensure that Yuhasz's access to the courts is not permanently and unnecessarily restricted. We hold that the District Court did not abuse its discretion.

For all of the reasons given above, and for the reasons provided in the several District Court opinions, we will affirm the orders of the District Court.