DLD-087                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3637
_____

AEMER K. C. EL, Appearing Jus in Rem Propria Persona Sui Juris,
Appellant

v.

LYNN A. WEHLING, in her individual and official capacity in personam;
GAMALIEL CRUZ, in his individual and official capacity in personam;
TIMOTHY CODISPOTI, in his individual and official capacity in personam;
CHOPEK, in his individual and official capacity in personam;
PATILUCCI, in his individual and official capacity in personam;
BERNARD, in his individual and official capacity in personam;
O'NEIL, in his individual and official capacity in personam;
CARELLA, in his individual and official capacity in personam;
CAVAGNARO, in his individual and official capacity in personam;
CERVINI, in his individual and official capacity in personam;
PAUL SHADLINGER, in his individual and official capacity in personam;
RAMOS, in his individual and official capacity in personam;
MOLLIK, in his individual and official capacity in personam;
CANDELERIO, in his individual and official capacity in personam;
ROBERT P. BECKER, in his individual and official capacity in personam;
JOHN A. KASPER, in his individual and official capacity in personam;
DONNA BUCKMAN, in her individual and official capacity in personam;
JOHN RILEY, in his individual and official capacity in personam;
HERNON DENNIS, in his individual and official capacity in personam;
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CUMBERLAND, in
personam; JENNIFER WEBB-MCRAE, in her individual and official capacity personam;
CITY OF VINELAND; ATTORNEY GENERAL NEW JERSEY, in his or her individual and
official capacity in personam; STATE OF NEW JERSEY, in personam;
NJS T.E.A.M.S. UNIT SOUTH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-12-cv-07750)
District Judge: Honorable Joseph E. Irenas

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 27, 2013
Before: SMITH, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: December 27, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Aemer El appeals from the District Court's denial of his motion to reopen and for leave to file a fourth amended complaint. For the reasons discussed below, we will summarily vacate the District Court's order and grant El's motion for summary action. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In December 2012, El filed a 58-page complaint that included a critique of the United States' policy on drugs, several cites to the religious texts of the Moorish Empire, and references to a search of his home and his subsequent arrest and prosecution. In January 2013, the District Judge dismissed El's complaint without prejudice, noting that the complaint failed to comply with Fed. R. Civ. P. 8(a)(2) and that he was "unable to tell which of the many counts listed in the Complaint pertain to which defendants, or which acts of defendants violated which

of Plaintiff's rights." El subsequently filed three motions for leave to amend, which the District Court denied because the proposed complaints failed to satisfy Rule 8(a)(2).

In August 2013, El filed a motion to reopen and for leave to file a fourth amended complaint. Attached to his motion were three documents: one titled "Amended Complaint," one titled "Statement of Several Claims," and one titled "Bill of Allegations." The District Court denied his motion with prejudice, noting that El had again failed to satisfy the requirements of Rule 8(a)(2). This appeal followed.[1]

## II.

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The allegations "must not be 'so undeveloped that [the complaint] does not provide a defendant the type of notice of claim which is contemplated by [Fed R. Civ. P.] 8.'" Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

We cannot agree with the District Court that El's document titled "Amended Complaint" does not satisfy the requirements of Rule 8(a)(2). In this document, El has asserted seven claims of malicious prosecution and conspiracy to commit civil rights violations. Each count sets forth the supporting facts and the defendants against whom the count is asserted. A liberal reading of the "Amended Complaint," see Haines v. Kerner, 404

---

[1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

U.S. 519, 520 (1972), reveals that El is also raising claims of unlawful search and seizure and illegal arrest. In sum, El's document contains "a short and plain statement" of each of his claims, Fed. R. Civ. P. 8(a)(2), and provides the defendants "the type of notice of claim . . . contemplated by Rule 8," Phillips, 515 F.3d at 233.

El required the District Court's leave to amend because he had already attempted to amend three previous times. See Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), courts "should freely give leave when justice so requires." When considering pro se complaints, courts should not deny leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); see also Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987) (noting that "a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment). Here, El's "Amended Complaint" met the requirements of Rule 8(a)(2) and addressed the District Court's previous concern that it was "unable to tell which of the many counts listed in the Complaint pertain to which defendants, or which acts of defendants violated which of Plaintiff's rights." Accordingly, we agree with El that the District Court abused its discretion in denying his motion to reopen and for leave to file a fourth amended complaint. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013); Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). Instead, the District Court should have granted his motion and directed that his "Amended Complaint" be filed. While we express no view as to whether El will eventually plead a meritorious claim or whether defenses will be prove to be dispositive, his "Amended Complaint" provides adequate notice of his claims. See Phillips, 515 F.3d at 233.

4

III.

For the foregoing reasons, we grant El's motion for summary action and will summarily vacate the judgment of the District Court and remand for further proceedings consistent with this opinion. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. El's motion for leave to file a motion for summary action in excess of 20 pages is granted; however, his motion for leave to file exhibits on a DVD is denied.