ALD-117-E                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1021
_____

IN RE:  AEMER K. C. EL,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-12-cv-07750)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 9, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 27, 2014)
_____

O P I N I O N
_____

PER CURIAM

   We recently detailed the procedural history of Aemer K. C. El's District Court

action in <u>El v. Wehling</u>, No. 13-3637, 2013 WL 6821490 (3d Cir. Dec. 27, 2013).  To

summarize, El filed a lengthy and rambling complaint in December 2012 that included a

critique of this country's drug policy, citations to religious texts of the Moorish Empire,

and references to a search of his home and his subsequent arrest and prosecution.  The

District Court dismissed the complaint for failure to comply with Rule 8(a)(2) of the

1

Federal Rules of Civil Procedure. The District Court subsequently denied El's four motions for leave to amend on the basis that the proposed amendments did not comply with Rule 8(a)(2) either. El took an appeal from the fourth denial, and we vacated the District Court's order on December 27, 2013. As we noted then (without expressing any view on the merits of the complaint), El's amended pleading met the Rule 8(a)(2) standard. (He presented seven claims of malicious prosecution and conspiracy to commit civil rights violations, as well as claims of unlawful search and seizure and illegal arrest, under a liberal construction of the complaint.)

On January 6, 2014, before the District Court could take any action in compliance with our ruling, El filed a petition for a writ of mandamus. El cited, inter alia, 28 U.S.C. § 1651; Rule 21 of the Federal Rules of Appellate Procedure; the Crime Victims' Rights Act, 18 U.S.C. § 3771; Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); and various statutory and constitutional provisions. In the approximately 80-page petition,[1] El presents far-ranging argument. He touches on such matters as the scope of admiralty and maritime jurisdiction, the interpretation of treaties, and the history and identity of the Moors. He complains of a purported policy of administrative termination by another District Judge of a type of filing by members of the

---

[1] Acknowledging its length, El filed a "motion for leave to file petition in excess of the 30 page limit set forth pursuant to F.R.A.P. Rule 27." Because Rule 27 (which relates to the length of motions, not petitions for writs of mandamus) is inapplicable, we construe his motion as a motion for permission to file a petition longer than that allowed under Rule 21(d). So construed, we grant it in this instance. We consider the entirety of El's petition, including its exhibits.

Murakush Group who cite the Barbary Treaties, and rulings by other District Judges in cases in which he is not a party.

In his petition, El lists nine requests for relief: (1) a writ to compel the District Court to process a criminal complaint for peonage (seemingly related to El's arrest after a search of another's home);[2] (2) relief under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(c)[3]; (3) a clarification of the fundamentals of the Supremacy Clause relating to treaties for the District Court's benefit; (4) a clarification and reaffirmation of the Moorish Treaties; (5) a prohibition of any bar on Moorish plaintiffs' invocation of their rights under treaties; (6) a declaration that a bar on invocations or references to Islamic treaty, covenant, and contractual obligations burdens the free exercise of religion; (7) a prohibition of classification of Moorish plaintiffs as "sovereign citizens"; (8) a writ to compel the District Court to comply with Article Six of the U.S. Constitution; and (9) a writ to compel a transfer of his case from the Camden Vicinage to the Trenton or Newark Vicinage.

We will deny El's petition and associated requests. To the extent that El petitions for a writ of mandamus (or a writ of prohibition) independently of 18 U.S.C. § 3771, see, e.g., Petition at 6 (citing 28 U.S.C. § 1651), we conclude that he does not overcome the

---

[2] In relation to this request, El contends that he has been denied all rights guaranteed by the Crime Victims' Rights Act insomuch as the alleged peonage crime has been ignored by the District Court and the Department of Justice.

[3] Seemingly in relation to this request, El argues that the seizure of his papers and property not only violated the Fourth Amendment but also burdened his exercise of religion.

3

high hurdle for such relief. Mandamus and prohibition are extraordinary remedies. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976); United States v. Santtini, 963 F.2d 585, 593-94 (3d Cir. 1992) (noting also that the requirements are the same for obtaining either writ). Within the discretion of the issuing court, the writs traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Kerr, 426 U.S. at 402 (citations omitted). To obtain such relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

El's District Court action is essentially at its inception. At the time of the filing of El's mandamus petition, there is no District Court action outside its prescribed jurisdiction that we must rein in nor any failure by the District Court to exercise its authority that we must correct. Ultimately, El will have the remedy of an appeal if he disagrees with the outcome in his District Court case. He does not have a right to an advisory opinion by us on the merits, or lack thereof, of Moorish treaties or the other issues he raised. Such an opinion is prohibited by Article III of the Constitution. Also, to the extent he asks us to opine or rule on another District Judge's purported policy or on

4

other District Court actions, he has no standing to make those requests. El also shows no basis for a transfer of his District Court action.[4]

While mandamus relief is available under a different, and less demanding, standard under 18 U.S.C. § 3771 in the appropriate circumstances, see 18 U.S.C. § 3771(d)(3); Kenna v. U.S. Dist. Court, 435 F.3d 1011, 1017 (9th Cir. 2006); United States v. Rigas, 409 F.3d 555, 562 (2d Cir. 2005), it is not available to El here. Even assuming that El is a crime victim for whom mandamus and other relief is available under § 3771 (a generous assumption based on the evidence he proffers regarding an alleged violation of a federal peonage statute, see 18 U.S.C. § 3771(e) (defining "crime victim")), he has in no way shown that he is being deprived of the rights accorded crime victims, see id. at § 3771(a). (He does not even explicitly seek enforcement of those rights, relying on 18 U.S.C. § 3771 instead to win other forms of relief.) Furthermore, El applies for relief in the wrong court.[5] See id. at § 3771(d)(3).

In short, El is not entitled to mandamus or other extraordinary relief, so we will deny his petition.[6]

---

[4] To the extent that El presents a claim that the District Judge is biased or seeks a recusal through his transfer request, we note that the record is devoid of any basis on which the District Judge's impartiality could be questioned.

[5] There is no evidence that he has filed a motion seeking relief in the District Court. And we are sure that if he does, the District Court will dispose of it forthwith.

[6] As we stated above, we grant his motion for relief from the page limitations.

5