CLD-417                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1220
_____

EL AEMER EL MUJADDID,
Appellant

v.

LYNN A. WEHLING, in her individual and official capacity in personam;
GAMALIEL "GAMI" CRUZ, in his individual and official capacity in personam;
TIMOTHY CODISPOTI, in his official and official capacity in personam;
GEORGE CHOPEK, in his individual and official capacity Quasi in Rem;
DOMINICK PATILUCCI, in his individual and official capacity in personam;
ROBERT BERNARD, in his individual and official capacity in personam;
STEVEN O'NEILL, JR., in his individual and official capacity in personam;
DAVID J. CAVAGNARO, JR., in his individual and official capacity Quasi in Rem;
STEPHEN J. CERVINI, in his individual and official capacity Quasi in Rem;
PAUL SHADLINGER, in his individual and official capacity in personam;
ANTONIO RAMOS, in his individual and official capacity Quasi in Rem;
GARY MOLLIK, in his individual and official capacity Quasi in Rem;
MISAEL CANDELERIO, in his individual and official capacity Quasi in Rem;
JOHN RILEY, in his individual and official capacity in personam;
DENNIS HERNON, in his individual and official capacity Quasi in Rem;
JENNIFER WEBB-MCRAE, in her individual and official capacity in personam;
CITY OF VINELAND, in personam; CUMBERLAND COUNTY, Quasi in Rem;
CUMBERLAND COUNTY PROSECUTORS OFFICE, Quasi in Rem;
JOHN DOE 1, un-identified Cumberland County Asst. Prosecutor Quasi in Rem;
JOHN DOE 2, (Purported being a Cumberland County Sheriff Deputy) Quasi in Rem;
JONATHAN M. FLYNN, in her individual and official capacity Quasi in Rem;
INEZ ACCOSTA, in her individual and official capacity Quasi in Rem;
EDWARD F. DUFFY, in his individual and official capacity Quasi in Rem;
JOHN DOES 3 and 4, (Vineland Court Security Officer);
NEW JERSEY STATE POLICE, Quasi in Rem;
KENNETH SIRAKIDES, in his individual and official capacity Quasi in Rem;

MCKINNEY, in his individual and official capacity Quasi in Rem;
ERDMAN, in his individual and official capacity Quasi in Rem;
NATE, in his individual and official capacity Quasi in Rem;
BOLAND, in his individual and official capacity Quasi in Rem;
TENNANT, in his individual and official capacity Quasi in Rem;
CAPPUCCIO, in his individual and official capacity Quasi in Rem;
LANGFIELD, in his individual and official capacity Quasi in Rem;
INNELLA, in his individual and official capacity;
PARKINSON, in his individual and official capacity Quasi in Rem;
ROCAP, in his individual and official capacity Quasi in Rem;
JACOBS, in his individual and official capacity Quasi in Rem;
CUMBERLAND COUNTY NARCOTICS TASK FORCE, Quasi in Rem;
CUMBERLAND COUNTY JAIL NEW JERSEY, Quasi in Rem;
MISAEL CARELLA, in his individual and official capacity Quasi in Rem;
DAVID HOGAN, in his individual and official capacity;
JOHN DOE A, in his individual and official capacity;
JOHN DOE B, in his individual and official capacity;
JOHN DOE C, in his individual and official capacity;
FRANK AMARI, in his individual and official capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:12-cv-07750)
District Judge Honorable Jerome B. Simandle

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 22, 2016
Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: October 12, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant El Aemer El Mujaddid ("Mujaddid") appeals from the judgment of the United States District Court for the District of New Jersey in his civil rights case. As the appeal does not present a substantial question, we will summarily affirm the District Court's decision.

I.

This case stems from a police raid in New Jersey. Mujaddid, while a guest in someone else's home, was awakened, searched, arrested, and charged with several crimes in Cumberland County Court. His case was moved to Vineland Municipal Court, and the charges were eventually dropped. Mujaddid has sought recourse in several ways, including administrative actions; criminal cases against at least two defendants; this federal lawsuit; and at least one lawsuit in New Jersey state court. El Aemer El Mujaddid v. City of Vineland, ("Mujaddid I") CAM-L-004550-13 (N.J. Super. Ct. Aug. 1, 2014). In December 2012, Mujaddid filed his complaint in this case, which the District Court dismissed without prejudice. Mujaddid unsuccessfully submitted several amended complaints to the District Court, and he appealed after the Court rejected his fourth amended complaint for failure to state a claim. We remanded the case, concluding that the amended complaint had stated seven claims that were sufficient under Fed. R. Civ. Pro. 8(a).[1] El[2] v. Wheling, 548 Fed. App'x 750 (3d Cir. 2013). Mujaddid returned to the

_____

[1] In between our remand and the District Court's resumption of the case – and 22 days

District Court and filed a 537-page amended complaint raising 49 claims and naming 40 defendants in their official and individual capacities. These defendants included: New Jersey; Cumberland County; the Cumberland County Prosecutor's Office ("Cumberland Prosecutor"); the Cumberland County Narcotics Task Force; the City of Vineland; Cumberland prosecutors Jennifer Webb-McRae ("Webb-McRae"), Jonathan M. Flynn ("Flynn"), and John Riley ("Riley); Detective Lynn A. Wehling ("Wehling"), State Trooper Kenneth Sirakides ("Sirakides"), Sergeant Steven O'Neill, Jr. ("O'Neill"); and Gamaliel Cruz ("Cruz"); and Vineland prosecutors Inez Acosta ("Acosta") and Edward Duffy ("Duffy").[3]

The District Court determined that Mujaddid's numerous claims could be distilled down into those raised under 42 U.S.C. § 1983 and those raised pursuant to New Jersey law. After screening the case, see 28 U.S.C. § 1915, the District Court determined that the following claims could proceed: (1) a Fourth Amendment search and seizure claim against Wehling, O'Neill, Cruz, and Sirakides and an unreasonable strip search claim against O'Neill; (2) an excessive force claim against O'Neill; (3) a false arrest claim against Wehling, O'Neill, Cruz, and Sirakides; and (4) a malicious prosecution claim

before Mujaddid filed his new amended complaint in the District Court – the New Jersey Superior Court decided Mujaddid I.
[2] Mujaddid was previously named Aemer K.C. El.

[3] For ease of reference, we refer to Webb-McRae, Flynn, Riley, Acosta, and Duffy as "the prosecutor appellees."

against Webb-McRae, Flynn, Riley, Acosta, and Duffy.  It dismissed all of his other claims and denied his subsequent motions for reconsideration.  See Dist. Ct. Op. # 2, dkt. # 91, at 7.  The defendants then filed motions to dismiss under Fed. R. Civ. P. 12(b)(6), which Mujaddid opposed,[4] and they attached the Superior Court's decision in Mujaddid I in support of their motions.  The District Court determined that due to timeliness issues, claim and issue preclusion, and prosecutorial immunity, Mujaddid's remaining claims lacked merit.  Mujaddid timely appealed the District Court's dismissal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over dismissals under § 1915(e)(2)(B)(ii) and Rule 12(b)(6).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (dismissals under § 1915); Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) (dismissals under Rule 12(b)(6)). We accept as true all factual allegations set forth in the complaint, and construe them in favor of the nonmoving party.  See Treasurer of New Jersey v. U.S. Dept. of Treasury, 684 F.3d 382, 395 (3d Cir. 2012).  A plaintiff must supply "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue, see 3d Cir. LAR 27.4 and 3d Cir. I.O.P. 10.6, and may affirm on

---

[4] Mujaddid also requested default judgment as to the Vineland defendants.  The District Court Clerk entered a default against them, which the District Court vacated.

any grounds supported by the record.  See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

## III.

The District Court thoroughly explained why Mujaddid's claims could not proceed against New Jersey, the state police, the Cumberland Prosecutor's Office, and the defendants in their official capacities; why he had failed to state claims against Cumberland County and the City of Vineland; and why he had failed to state claims under the First, Sixth, and Eighth Amendments, and under the Equal Protection and Due Process Clauses.  We will affirm the District Court's dismissal of these claims substantially for the reasons set forth in its April 2015 memorandum.[5]  See Dist. Ct. Op. # 1, dkt. # 64 at 16 – 18, 31 – 46 (dismissing claims under § 1915).  We turn here to Mujaddid's remaining claims.

## IV.

The District Court correctly concluded that the prosecutor appellees were entitled to prosecutorial immunity.[6]  Where a state prosecutor has taken actions in a "quasi-

---

[5] Additionally, we will affirm the District Court's vacatur of the default judgment against the Vineland defendants.

[6] The District Court also correctly determined that the prosecutor appellees were entitled to claim and issue preclusion.  See Watkins v. Resorts Intern. Hotel and Casino, Inc., 591 A.2d 592, 599 (N.J. 1991) (quotations omitted); Jones v. Holvey, 29 F.3d 828, 830 (3d Cir. 1994); Sacharow v. Sacharow, 826 A.2d 710, 719 (N.J. 2003); Delaware River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002).

judicial role," such as starting a prosecution and presenting evidence for the state, she is absolutely immune from liability under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 418 (1976); Yarris v. Cty. of Delaware, 465 F.3d 129, 135 (3d Cir. 2006). This is true even where a prosecutor has acted maliciously or dishonestly. See Imbler, 424 U.S. at 427-28. However, a prosecutor is not entitled to absolute immunity for administrative duties and investigatory functions. See Yarris, 465 F.3d at 135-36. As the District Court noted, Acosta and Duffy only became involved in Mujaddid's criminal case after the case was transferred to the Vineland Municipal Court. Accordingly, Mujaddid's allegations against Acosta and Duffy involved only "quasi-judicial activity," and they were entitled to absolute immunity. Similarly, Mujaddid alleged that Flynn, Webb-McRae, and Riley withheld exculpatory evidence and misrepresented facts to New Jersey state courts. These alleged acts fell within the quasi-judicial role. See Yarris, 465 F.3d at 136. Accordingly, the prosecutor appellees were clearly entitled to immunity.

The District Court dismissed Mujaddid's remaining claims against appellees Cruz, O'Neill, Sirakides, and Wehling as time-barred under the relevant statute of limitations. Mujaddid raised search and seizure and false arrest claims against Cruz, O'Neill, Sirakides, and Wheling, and an excessive force claim against O'Neill. Because New Jersey's statute of limitations for personal injury claims is two years, the statute of limitations for Mujaddid's § 1983 claims here is also two years. See Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 859-60 (3d Cir. 2014). The date of

accrual for a § 1983 claim is a matter of federal law; generally, it is when a plaintiff has a "complete and present cause of action." Id. at 860-61 (quotation omitted). The date of accrual for a § 1983 false arrest claim is when a plaintiff becomes detained pursuant to legal process. See Wallace v. Kato, 549 U.S. 384, 397 (2007).[7] Under New Jersey law, equitable tolling through the discovery rule can postpone accrual of a claim until a plaintiff discovers, or through reasonable diligence could have discovered, the basis for his claim. See Dique v. New Jersey State Police, 603 F.3d 181, 185, 188 (3d Cir. 2010).

The District Court determined that for Mujaddid's unlawful search and seizure and excessive force claims, his claims accrued on April 21, 2010, when he was strip-searched and his "identification card" was taken from him. The District Court also determined that, based on Mujaddid's representations in his complaint, his false arrest claim accrued, at the very latest, on May 7, 2010, when he appeared in court. Accordingly, under the two year statute of limitations, the time in which to file his claims expired on or about April 21, 2012, and May 7, 2012. Mujaddid filed his first complaint in December 2012. Mujaddid argues that the delayed accrual rule should apply to his search and seizure and false arrest claims, claiming that he did not know that the warrants at issue were invalid until October 2012, or alternatively, April 2013, and that he was unaware of Sirakides' involvement until 2014.

---

[7] To the extent that Mujaddid sought to include a false imprisonment claim, we note that the claim would have similarly been time-barred. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007).

Mujaddid's delayed accrual arguments are unavailing. First, Mujaddid's contention that he was unaware of the basis for his search and seizure and false arrest claims until 2013 is belied by his first complaint, which alleged - in December 2012 - that the search was without probable cause, that the warrant was false, and that the arrest was false. Dique, 603 F.3d at 187-88. Even under a generous reading of Mujaddid's filings, he inconsistently alleged when he became aware of the basis for his claims, and did not show that he did not know the basis of his claim through the exercise of reasonable diligence within the two year period.[8]

Next, even if Mujaddid did not know Sirakides' name, he was aware of the officer's presence at the scene, and could have discovered his name through the exercise of reasonable diligence.[9] Id. at 185, 188. Finally, Mujaddid did not show that he was entitled to delayed accrual for his excessive force claim against O'Neill. Mujaddid did not establish that he was unaware of the factual basis for this claim – O'Neill's alleged use of excessive force – or O'Neill's identity until within two years of the filing of his complaint. Id. at 185.

---

[8] Nor did Mujaddid plausibly allege that the warrants were forged. The mere fact that Wehling obtained a warrant by telephone, and a later warrant by the issuing magistrate is not evidence of forgery. Additionally, at least with regards to the false arrest claim, Mujaddid never alleged that the warrant application was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable[.]" Malley v. Briggs, 475 U.S. 335, 344-45 (1986).

[9] Besides, Mujaddid did not plausibly allege any action by Sirakides that would result in liability.

Finally, the District Court did not abuse its discretion in denying Mujaddid's motions for reconsideration. See, e.g., LoBiondo v. Schwartz, 970 A.2d 1007, 1022 (N.J. 2009); McGarry v. Pallito, 687 F.3d 505, 510-11 (3d Cir. 2012); Mahone v. Waddle, 564 F.2d 1018, 1028-29 (3d Cir. 1977).

V.

Accordingly, we will grant the defendants' cross-motions for summary affirmance, deny Mujaddid's motions for summary reversal, and summarily affirm the District Court's decision.[10]

---

[10] We grant Appellee Wehling's April 6, 2016, motion for leave to file a response and the Cumberland prosecutor appellees' June 15, 2016 motion for leave to file a response out of time.