**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5467-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES P. MCCOY, a/k/a
PARIS MCCOY,

    Defendant-Appellant.

_____

Submitted May 23, 2017 — Decided August 4, 2017

Before Judges Fisher and Vernoia.

On appeal from the Superior Court of New
Jersey, Law Division, Cumberland County,
Indictment No. 11-03-0187.

Joseph E. Krakora, Public Defender, attorney
for appellant (Louis H. Miron, Designated
Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County
Prosecutor, attorney for respondent (Kim L.
Barfield, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

Defendant Charles P. McCoy appeals his conviction following a jury trial of possession of a controlled dangerous substance (CDS), and his eight-year extended term sentence. We affirm.

## I.

The evidence at trial showed that defendant leased a home with two other individuals. The police conducted surveillance of the home over a few months and on November 22, 2010, obtained a warrant to search the premises.

Defendant, his brother, and defendant's one-year-old child were in the residence when the search warrant was executed. The police found a white rocky substance in the toilet but were unable to retrieve it. A blue pill, which was later identified as methylenedioxymethamphetamine (MDMA), was found in a bowl on the dining room table. During the search, defendant told one of the detectives that anything found in the house belonged to him and not his brother.

During the police surveillance of the residence, defendant was observed operating a Buick Sebring. The license plate for the Sebring was transferred to a Buick Roadmaster two weeks before the execution of the search warrant. During the execution of the search warrant, a detective asked defendant who owned the Roadmaster, which was parked outside the residence. Defendant said the car

belonged to his mother. The car was towed by the police to another location.

Defendant was arrested and brought to the police station, where the detective advised defendant that he intended to apply for a search warrant for the Roadmaster. Defendant asked what would happen if any CDS was found in the car, and was advised that he and his mother would be charged if CDS was found in the car. Defendant said there was a half-pound of marijuana in the trunk that belonged to him. During a subsequent search of the vehicle, the police found a half-pound of marijuana, ninety-five bags of cocaine, ninety-one fioricet pills, sixty-five MDMA pills, baggies and a scale.

Defendant was charged in an indictment with nine counts of CDS related offenses and possession of a radio to intercept emergency communications while committing or attempting to commit a crime. Defendant's first jury trial on the charges ended in a mistrial because the jury could not reach a unanimous verdict. The court dismissed two of the counts (counts seven and eight).

Defendant was retried before a second jury on the following remaining counts of the indictment: third-degree possession of CDS, marijuana, N.J.S.A. 2C:35-10(a)(3) (count one); fourth-degree possession of CDS, marijuana, N.J.S.A. 2C:35-10(a)(3) (count two); third-degree possession of CDS, MDMA, N.J.S.A. 2C:35-10(a)(1)

(count three); third-degree possession of CDS, cocaine, with intent to distribute, N.J.S.A. 2C:35-5(b)(3) (count four); third-degree possession with intent to distribute CDS, marijuana, N.J.S.A. 2C:35-5(b)(11) (count five); second-degree possession with intent to distribute CDS, MDMA, over one-half ounce, N.J.S.A. 2C:35-5(a)(1) (count six); third-degree possession with intent to distribute a prescription legend drug, fioricet, N.J.S.A. 2C:35-10.5(a)(3) (count nine).

The jury found defendant guilty of possessing the single MDMA pill found in the bowl on the dining room table as charged in count three. He was acquitted of the remaining charges. Defendant's motion for a judgment of acquittal following the verdict on count three was denied. The State filed a motion for imposition of an extended term pursuant to N.J.S.A. 2C:44-3. The court granted the State's motion and sentenced defendant to an extended term eight-year sentence with a four-year period of parole ineligibility. This appeal followed.

On appeal, defendant makes the following arguments:

POINT I

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [DEFENDANT'S] MOTION FOR A MISTRIAL AS A RESULT OF THE STATE'S WITNESS'[S] TESTIMONY CONCERNING THE INVOLVEMENT OF A CONFIDENTIAL INFORMANT THAT RESULTED IN A VIOLATION OF [DEFENDANT'S] RIGHTS UNDER THE CONFRONTATION CLAUSE OF THE U.S. CONSTITUTION.

<u>POINT II</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [DEFENDANT'S] MOTION FOR A NEW TRIAL, PURSUANT TO [<u>RULE</u>] 3:18-2, WITH RESPECT TO THE SINGLE COUNT ON WHICH [DEFENDANT] WAS FOUND GUILTY BECAUSE THE STATE'S EVIDENCE WAS INSUFFICIENT TO PROVE CONSTRUCTIVE POSSESSION OF THE MDMA BEYOND A REASONABLE DOUBT.

<u>POINT III</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING [DEFENDANT] TO SUCH A DRACONIAN AND UNJUST SENTENCE BASED UPON THE RECORD AND, THEREFORE, [DEFENDANT'S] SENTENCE SHOULD BE VACATED.

<u>II.</u>

Defendant first argues the court erred by denying his request for a mistrial. The request was made during the prosecutor's redirect examination of Bridgeton City Police Sergeant Rick Pierce, who testified as an expert in narcotics trafficking, drug interdiction, and the distribution, packaging and value of narcotics. Pierce was asked about reports prepared by detectives involved in the investigation and arrest of defendant. More particularly, he was asked if there was anything in the reports he would not have included. In response, he said

> Well, it looks like some of these reports, he's talking with CIs and doing controlled buys. There's information that I would not put in these reports that would possibly give away my CI or make the CI, the confidential

informant, for the target to figure out who it is, for their safety.

Defendant objected, claiming the testimony was highly prejudicial, and requested a mistrial. The court denied the mistrial motion and instead provided the jury with a curative instruction:

> [T]he [a]ssistant [p]rosecutor was in the midst of redirect examination. There were some questions that had been posed to the detective, who's been qualified as an expert in this court, regarding what types of information . . . might not be included in a report. And the detective was providing examples of some items, which might [not] be included in a report and the . . . expert had mentioned the phrases confidential informant and controlled buys. Those types of tactics, if you will, are not before the [c]ourt, they're not before the jury. In other words, you're not to take anything from it that there is evidence of confidential informants or controlled buys in this particular case. But rather, the detective was providing what is deemed to be his professional opinion regarding certain items that might not be included in a report that's been written.

Defendant argues the detective's testimony was so prejudicial that he was entitled to a mistrial. He also contends the curative instruction was inadequate to abate the prejudice he suffered from the testimony.

"A mistrial should only be granted 'to prevent an obvious failure of justice.'" State v. Smith, 224 N.J. 36, 47 (2016) (quoting State v. Harvey, 151 N.J. 117, 205 (1997), cert. denied,

528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000)). "Whether an event at trial justifies a mistrial is a decision 'entrusted to the sound discretion of the trial court.'" Ibid. (quoting Harvey, supra, 151 N.J. at 205). We "will not disturb a trial court's ruling on a motion for a mistrial, absent an abuse of discretion that results in a manifest injustice." Ibid. (quoting State v. Jackson, 211 N.J. 394, 407 (2012)).

"To address a motion for a mistrial, trial courts must consider the unique circumstances of the case." Ibid. "If there is 'an appropriate alternative course of action,' a mistrial is not a proper exercise of discretion." Ibid. (quoting State v. Allah, 170 N.J. 269, 281 (2002)). "For example, a curative instruction, a short adjournment or continuance, or some other remedy, may provide a viable alternative to a mistrial, depending on the facts of the case." Ibid.

We are satisfied the trial court did not abuse its discretion by denying defendant's mistrial motion. The judge's curative instruction made clear to the jury that there was no evidence of confidential informants or controlled buys in the case and that Pierce's testimony was limited only to his expert opinion about what he would not expect to see in a police report. We presume the jury honored the judge's instruction. State v. Smith, 212 N.J. 365, 409 (2012).

A-5467-14T1

Moreover, the jury's verdict demonstrates that the detective's testimony, as limited by the judge's curative instruction, did not result in a manifest injustice. The challenged testimony concerned confidential informants and controlled buys, but defendant was acquitted of all of the charges alleging possession with intent to distribute. Instead, he was convicted only of the possession of the single MDMA pill found in a bowl on the dining room table. We therefore discern no basis to conclude that the judge's exercise of discretion in denying the mistrial motion and providing the curative instruction resulted in a manifest injustice. Smith, supra, 224 N.J. at 47.

### III.

We next address defendant's contention that the court erred by denying his motion for judgment of acquittal[1] under Rule 3:18-2 following the jury's verdict. Defendant claims the evidence was insufficient to establish that he possessed the single MDMA pill found in the bowl on the dining room table. He asserts the evidence

---

[1] Although the point heading in defendant's brief refers to defendant's motion as a motion for a new trial, the motion made at trial was for judgment of acquittal under Rule 3:18-2. He also only argues on appeal that he was entitled to a judgement of acquittal based on a lack of evidence supporting his conviction. We therefore consider his argument under Rule 3:18-2, and not under Rule 3:20, which governs motions for a new trial. See State v. Rodriquez, 141 N.J. Super. 7, 11 (App. Div.) (discussing the differing standards for deciding motions under Rule 3:18 and Rule 3:20), certif. denied, 71 N.J. 495 (1976).

showing he was in the house at the time the pill was found was insufficient as a matter of law to establish he was in constructive possession of the pill. We are not persuaded.

On a motion for acquittal under Rule 3:18-2, the court "must determine only whether, 'based on the entirety of the evidence and after giving the State the benefit of all its favorable testimony and all the favorable inferences drawn from that testimony, a reasonable jury could find guilt beyond a reasonable doubt.'" State v. Zembreski, 445 N.J. Super. 412, 430 (App. Div. 2016); see also State v. Kluber, 130 N.J. Super. 336, 341-42 (App. Div. 1974) (holding that same standard applies for Rule 3:18-2 motions made at the end of the State's case and following a jury verdict), certif. denied, 67 N.J. 72 (1975). In making its determination, the court "is not concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the State." Kluber, supra, 139 N.J. Super. at 342. "If the evidence satisfies that standard, the motion must be denied." State v. Spivey, 179 N.J. 229, 236 (2004).

Defendant asserts there was insufficient evidence that he possessed the MDMA pill found in the dining room. "A person has actual possession of 'an object when he has physical or manual control of it.'" State v. Morrison, 188 N.J. 2, 14 (2006) (quoting Spivey, supra, 179 N.J. at 236). A person is in "constructive

9

possession of 'an object when, although he lacks "physical or manual control," the circumstances permit a reasonable inference that he has knowledge of its presence, and intends and has the capacity to exercise physical control or dominion over it during a span of time.'" Ibid. (quoting Spivey, supra, 179 N.J. at 237).

Here, there was sufficient evidence supporting the jury's determination that defendant was in possession of the MDMA pill found in the dining room. The home was leased to defendant and two others, but he was the only tenant present at the time the pill was found. The pill was not hidden. It was in plain view in the dining room such that a reasonable factfinder could conclude defendant was aware of its presence. Cf. State v. Milton, 225 N.J. Super. 514, 521-23 (App. Div. 1992) (reversing possession of CDS conviction where there was insufficient proof that the defendant, who was not then present in the home, possessed drugs found under a bunk bed mattress in a bedroom he used). The evidence also showed that defendant told a detective that anything they found in the home belonged to him. In sum, the evidence was sufficient to support a reasonable determination that defendant was either in actual or constructive possession of the pill and the court therefore correctly denied the motion for judgment of acquittal.

A-5467-14T1

Defendant last argues that his extended term eight-year sentence with a four-year period of parole ineligibility is excessive. He contends that his conviction for possession of a single MDMA pill does not warrant the imposition of an extended term sentence or the period of parole ineligibility imposed by the trial court.

The court found defendant was eligible for an extended term under N.J.S.A. 2C:44-3 as a persistent offender. The court further found aggravating factors three, the risk that defendant will commit another offense, six, the extent and seriousness of defendant's prior record, and nine, the need to deter the defendant and others from violating the law. N.J.S.A. 2C:44-1(a)(3), (6), (9). The court did not find any mitigating factors. N.J.S.A. 2C:44-1(b). The court found the aggravating factors substantially outweighed the non-existent mitigating factors, and imposed the eight-year extended term sentence and four-year period of parole ineligibility.

We review a "trial court's 'sentencing determination under a deferential standard of review.'" State v. Grate, 220 N.J. 317, 337 (2014) (quoting State v. Lawless, 214 N.J. 594, 606 (2013)). We may "not substitute [our] judgment for the judgment of the sentencing court." Lawless, supra, 214 N.J. at 606. We must affirm

a sentence if: (1) the trial court followed the sentencing guidelines; (2) its findings of fact and application of aggravating and mitigating factors were based on competent, credible evidence in the record; and (3) the application of the law to the facts does not "shock[] the judicial conscience." State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)); see also State v. Case, 220 N.J. 49, 65 (2014).

Defendant's argument on appeal is limited to the contention that his sentence is excessive. He does not argue that the court failed to follow the sentencing guidelines or that its findings of the aggravating factors were not supported by evidence in the record. He argues only that the court's application of the law to the facts should shock our judicial conscience. Bolvito, supra, 217 N.J. at 228.

Our Supreme Court has cautioned that we should not second-guess a trial court's diligent exercise of its sentencing discretion that is in accordance with the sentencing guidelines. State v. Cassidy, 198 N.J. 165, 180-81 (2009); State v. Roth, 95 N.J. 334, 365 (1984). We must abide by a sentence imposed in accordance with the sentencing guidelines unless it shocks our judicial conscience. Cassidy, supra, 198 N.J. at 180; State v. Tindell, 417 N.J. Super. 530, 570 (App. Div. 2011), certif. denied, 213 N.J. 388 (2013). "We are thus empowered — indeed obligated —

to correct a clearly unreasonable sentence, even if the judge applied correctly the sentencing guidelines." Tindell, supra, 417 N.J. Super. at 571.

To be sure, defendant has many prior involvements with law enforcement and qualified as a persistent offender subject to the extended term the court imposed. However, under our criminal code "the severity of the crime is . . . the single most important factor in the sentencing process." State v. Hodge, 95 N.J. 369, 378-79 (1984). Here, defendant's crime was the possession of a single MDMA pill in his home.

We do not excuse defendant's crime or minimize its significance, and it deserves punishment. But the severity of the offense is at the absolute nadir of the spectrum for a possessory CDS offense — possession of a single pill. Yet, he received a sentence in the upper end of the extended term sentencing range and a four-year period of parole ineligibility. Our collective judicial conscience is shocked by the length of the sentence and the period of parole ineligibility because, based on the severity of the offense, the sentence is intolerably long.

We also observe that the court's imposition of the sentence appears to have been informed in part by consideration of alleged crimes for which defendant was not convicted. In its sentencing determination the court noted that defendant expressed no remorse

13

"despite the jury verdict and . . . the allegation that he was the target of a drug distribution [investigation] in which three controlled buys of CDS were made by a reliable confidential informant prior to the execution of the search warrant." Defendant was not charged with distribution of controlled dangerous substances and was found not guilty of all of the offenses charging that he possessed CDS with an intent to distribute. "It must be remembered that unproved allegations of criminal conduct should not be considered by a sentencing judge." State v. Farrell, 61 N.J. 66, 107 (1972); see also State v. Sainz, 107 N.J. 283, 293 (1987) (finding that a court may not impose a sentence for a crime that is not fairly embraced by a guilty plea); State v. Green, 62 N.J. 547, 571 (1973) (finding evidence of prior arrest without a conviction may be properly considered by a sentencing court in its determination of deterrence, but "the sentencing judge shall not infer guilt as to any underlying charge with respect to which the defendant does not admit his guilt").

We affirm defendant's conviction. We vacate defendant's sentence and remand for resentencing. See State v. Jaffe, 220 N.J. 114, 124 (2014) (holding that on resentencing a court shall consider the defendants "post-offense conduct, rehabilitative or otherwise," in its assessment of the aggravating and mitigating factors). We do not retain jurisdiction.

14

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-5467-14T1